**E-Filed 5/5/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERCURY INTERACTIVE CORPORATION, et al., <br><br> Defendants. | Case No. C 05-3395 JF <br><br> ORDER APPOINTING MERCURY PENSION FUND GROUP AS LEAD PLAINTIFF AND APPROVING CHOICE OF LEAD COUNSEL |

Before the Court are the competing motions for appointment as lead plaintiff of Mercury Pension Fund Group ("Mercury Group") and the Public Employees' Retirement System of Mississippi ("Mississippi PERS").[1]  The Court has considered the briefing of the parties and the oral argument presented at the hearing on January 13, 2006.  For the reasons discussed below, the Court will appoint Mercury Group as the lead plaintiff.

The first of the several related securities fraud actions comprising the Mercury litigation was filed on August 19, 2005.  Under the Private Securities Litigation Reform Act of 1995

---

[1] The Court declines to consider the as-yet-unfiled application of the unidentified institutional investor whose counsel sent correspondence to chambers on January 12, 2006.

1  ("Reform Act"), Pub. L. No. 104-67 (1995), the first plaintiff or group of plaintiffs to file a
2  securities fraud action must publish a notice advising members of the purported class of the
3  pendency of the action, the claims asserted therein, the purported class period and the fact that
4  any class member may move to serve as lead plaintiff within sixty days after publication of the
5  notice.  15 U.S.C. § 78u-4(a)(3)(A)(i).  The notice in the instant case was published on August
6  21, 2005.  Only one application for lead plaintiff was made within sixty days, that of Mercury
7  Group, which filed its application on the sixtieth day, October 20, 2005.  Mississippi PERS filed
8  a motion to intervene and a proposed securities fraud complaint approximately six weeks later,
9  on November 28, 2005.  The Court ordered the complaint filed and consolidated with the other
10 actions, and construed Mississippi PERS' motion to intervene as a motion for lead plaintiff.

11        There is no controlling authority on the question of whether the sixty-day period for
12 seeking appointment as lead plaintiff may be waived or excused.  Mercury Group cites a number
13 of district court cases holding that the sixty-day period must be strictly applied.  *See, e.g., Ferrari*
14 *v. Gisch*, 225 F.R.D. 599, 603-04 (C.D. Cal. 2004).  Mississippi PERS cites other district court
15 cases holding that failure to comply with the sixty-day period may be excused upon a showing of
16 good cause.  *See, e.g., Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 404 (D. Minn. 1998).
17 This Court need not decide whether the sixty-day period must be strictly applied, because it
18 concludes that even if the sixty-day period may be excused upon a showing of good cause,
19 Mississippi PERS has not demonstrated good cause for its late filing in the instant case.

20        Mississippi PERS argues persuasively that because the original complaint filed on August
21 19, 2005 alleged a stock drop of only .7%, Mississippi PERS did not have sufficient notice of the
22 significance of this securities fraud action and did not have sufficient incentive to seek
23 appointment as lead plaintiff.  However, Mississippi PERS concedes that by October 4, 2005, the
24 company had issued a press release disclosing a formal investigation by the Securities and
25 Exchange Commission and that there had been a significant stock drop.  At that time, Mississippi
26 PERS had sixteen days within which to throw its hat into the ring as lead plaintiff.  All
27 Mississippi PERS would have had to do to protect its rights at that point was to file a bare-bones
28 motion for appointment as lead plaintiff.  Mississippi PERS has not explained adequately why it

could not have filed such a motion, or why it did not do so. Accordingly, the Court concludes that Mississippi PERS has failed to demonstrate good cause for excusing its failure to comply with the sixty-day requirement.

Mercury Group thus is the only timely applicant for lead plaintiff. Based upon the record before it, the Court is satisfied that Mercury Group is capable of serving as lead plaintiff and that Mercury Group's counsel, Glancy Binkow & Goldberg LLP and Labaton Sucharow & Rudoff LLP, is well able to serve as lead counsel.

**ORDER**

The Court appoints Mercury Pension Fund Group as lead plaintiff in this action, and appoints as co-lead counsel the law firms of Glancy Binkow & Goldberg LLP and Labaton Sucharow & Rudoff LLP.

DATED: 5/5/06

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

Eric J. Belfi     ebelfi@murrayfrank.com

Peter A. Binkow     pbinkow@glancylaw.com, info@glancylaw.com

Aaron H. Darsky     adarsky@schubert-reed.com,

Kirk Andrew Dublin     kdublin@jonesday.com, tmdanowski@jonesday.com; jcline@jonesday.com; emilstein@jonesday.com

Jeffrey S. Facter     jfacter@shearman.com, cflood@shearman.com; rcheatham@shearman.com

Michael M. Goldberg     info@glancylaw.com

Willem F. Jonckheer     wjonckheer@schubert-reed.com

Nicole Acton Jones     nicole.jones@hellerehrman.com, harriette.louie@hellerehrman.com

David R. Scott     drscott@scott-scott.com

Arthur L. Shingler , III     ashingler@scott-scott.com, ssawyer@scott-scott.com

4

Case No. C 05-3395 JF
ORDER APPOINTING MERCURY PENSION FUND GROUP AS LEAD PLAINTIFF ETC.
(JFLC2)