1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12  In re MERCURY INTERACTIVE CORP.   )    Case No.: C 05-3395 JF (PVT)
    SECURITIES LITIGATION,            )
13                                    )    **ORDER TO SHOW CAUSE WHY**
                                      )    **DEFENDANT MERCURY**
14  _____  )    **INTERACTIVE CORP. SHOULD NOT**
                                      )    **BE HELD IN CONTEMPT FOR**
15  This Document Relates To:         )    **WILLFULLY VIOLATING COURT**
                                      )    **ORDER WITHOUT OBTAINING**
16      ALL ACTIONS                   )    **STAY OF ORDER**
                                      )
17  _____  )

18          On December 11, 2006, this court issued an order requiring Defendant Mercury Interactive

19  Corp. ("Mercury") to produce certain documents to Lead Plaintiff.[1]  On December 13, 2006,

20  Mercury filed a document entitled "Mercury's Notice of its Intent to Object to Magistrate Judge's

21  December 11, 2006 Order" in which it stated its unilateral decision not to comply with this court's

22  December 11, 2006 order at this time.  Based on the notice filed by Mercury and the file herein,

23          IT IS HEREBY ORDERED that no later than noon on December 15, 2006 Mercury shall file

24  a declaration showing cause why it should not be held in contempt of court for willfully violating

25  this court's December 11, 2006 order without obtaining stay of that order.

26          Absent a stay, a party must *promptly* comply with a court order and failure to do so warrants

27

28          [1]      The holding of this court is limited to the facts and the particular circumstances
    underlying the present motion.

ORDER, *page 1*

*(left margin)* United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1  a finding of contempt, even if the original order is later ruled incorrect. *See Maness v. Meyers*, 419

2  U.S. 449, 458-59 (1975); *see also, In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365

3  (9th Cir. 1987).  The filing of an objection to a Magistrate Judge's order does not automatically stay

4  that order. *See White v. Burt Enterprises*, 200 F.R.D. 641, 642-43 (D.Col. 2000); *see also* Wright,

5  Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 3069.  As another court has

6  explained, "allowing the automatic stay of [a] magistrate [judge]'s orders would not only encourage

7  the filing of frivolous appeals, but would grind the magistrate [judge] system to [a] halt." *Litton*

8  *Industries, Inc. v. Lehman Brothers Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989).

9      IT IS FURTHER ORDERED that this order to show cause re contempt will be dissolved if,

10  no later than noon on December 15, 2006, Mercury files with this court a request for stay of the

11  court's December 11, 2006 order which: 1) sets forth the grounds for the stay; and 2) is supported by

12  a declaration by an authorized representative of Mercury confirming that Mercury is not now

13  engaged in, and will not engage in pending resolution of the objection to the December 11, 2006

14  order, any settlement negotiations with any of the individual Defendants in either this action or any

15  of the related state court actions.

16  Dated: *12/14/06*

17  *Patricia V. Trumbull*

18  PATRICIA V. TRUMBULL
   United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28