**E-Filed 2/27/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE MERCURY INTERACTIVE CORP. SECURITIES LITIGATION. | Case Number C 05-3395 JF (PVT)<br><br>ORDER[1] REMANDING MATTER TO MAGISTRATE JUDGE TRUMBULL FOR RECONSIDERATION IN LIGHT OF CHANGED CIRCUMSTANCES<br><br>[re: doc. nos. 182, 185, 190] |

Defendants have filed objections to Magistrate Judge Trumbull's Order of December 11, 2006, granting in part Lead Plaintiff's motion to lift the stay on discovery imposed by the Private Securities Litigation Reform Act ("PSLRA"). Specifically, Judge Trumbull ordered Defendant Mercury Interactive Corporation ("Mercury") to produce to Lead Plaintiff in this action two boxes of documents previously produced to the individual defendants in the factually-related state court derivative action, as well as a copy of the special committee report. Briefing on the objections was completed on February 23, 2007.

Where, as here, the magistrate judge's ruling addresses a non-dispositive matter, the district judge will modify or set aside "any portion of the magistrate judge's order found to be

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 05-3395 JF (PVT)
ORDER REMANDING MATTER TO MAGISTRATE JUDGE TRUMBULL
(JFLC2)

1  clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

2  The PSLRA imposes an automatic stay of discovery in securities fraud cases, "unless the
3  court finds upon the motion of any party that particularized discovery is necessary to preserve
4  evidence or to prevent undue prejudice to that party." 15 U.S.C.A. § 78u-4(b)(3)(B).  Judge
5  Trumbull concluded that the limited production required by her order was necessary to put Lead
6  Plaintiff in this action on a "level playing field" with the individual defendants in the state court
7  derivative action *vis a vis* settlement discussions and access to potential insurance proceeds.
8  Defendants in the instant action argue that Judge Trumbull's ruling is clearly erroneous as a
9  factual matter, because there were no settlement discussions under way in the state court
10 derivative action at the time she issued her order, and the state court action since has been
11 dismissed.  Defendants also argue that Judge Trumbull's ruling is contrary to law, because any
12 potential prejudice to Lead Plaintiff in this action arising out of a lack of access to discovery
13 materials is insufficient to justify lifting the discovery stay under the PSLRA.

14 The Ninth Circuit has strictly construed the PSLRA discovery stay. *See SG Cowen*
15 *Securities Corp. v. U.S. Dist. Court for the Northern Dist. of Calif.*, 189 F.3d 909, 913 (9th Cir.
16 1999).  It is unclear whether in light of this authority the potential prejudice to Lead Plaintiff in
17 this action would be sufficient to justify lifting the discovery stay.  However, the Court need not
18 decide this question at this time, because in light of the dismissal of the state court derivative
19 action, it appears that the circumstances underlying Judge Trumbull's ruling no longer exist.
20 This Court therefore remands the matter to Judge Trumbull for reconsideration as she deems
21 appropriate.

22 IT IS SO ORDERED.

25 DATED: 1/27/07

JEREMY FOGEL
United States District Judge

Case No. C 05-3395 JF (PVT)
ORDER REMANDING MATTER TO MAGISTRATE JUDGE TRUMBULL
(JFLC2)

1   Copies of Order served on:

2

3   Joel H. Bernstein    jbernstein@labaton.com

4   Asim M. Bhansali    amb@kvn.com, efiling@kvn.com; gap@kvn.com; pwm@kvn.com

5   Peter Arthur Binkow    info@glancylaw.com, pbinkow@glancylaw.com

6   Sara B. Brody    sara.brody@hellerehrman.com, terri.newman@hellerehrman.com; Cecilia.Chan@hellerehrman.com; Gary.Padilla@hellerehrman.com

7

8   Howard S. Caro    hcaro@hewm.com, gary.padilla@hellerehrman.com; yvonne.somek@hellerehrman.com; benjamin.diggs@hellerehrman.com; SFDocCal@hewm.com

9   Michael Cecchini    mcecchini@gibsondunn.com, jhess@gibsondunn.com

10  John D. Cline    jcline@jonesday.com, tmdanowski@jonesday.com; pdavids@jonesday.com; zanderson@jonesday.com; cyip@jonesday.com

11

12  Aaron H. Darsky    adarsky@schubert-reed.com,

13  Kirk Andrew Dublin    kdublin@jonesday.com, tmdanowski@jonesday.com; adlangenbach@jonesday.com; arsand@jonesday.com; mlandsborough@jonesday.com

14  Alan I. Ellman    aellman@labaton.com, cchan@labaton.com

15  Jeffrey S. Facter    jfacter@shearman.com, cflood@shearman.com; rcheatham@shearman.com; jae.ko@shearman.com

16

17  Scott A. Fink    sfink@gibsondunn.com, bhonniball@gibsondunn.com

18  Michael M. Goldberg    info@glancylaw.com

19  Alicia G. Huffman    alicia.huffman@shearman.com, ron.cheatham@shearman.com; rcheatham@shearman.com

20  Benedict Y Hur    bhur@kvn.com, efiling@kvn.com; gpeterson@kvn.com

21  Willem F. Jonckheer    wjonckheer@schubert-reed.com

22  Nicole Acton Jones    nicole.jones@hellerehrman.com, harriette.louie@hellerehrman.com

23  Christopher J. Keller    ckeller@labaton.com, cchan@labaton.com

24  Jan Nielsen Little    jnl@kvn.com, efiling@kvn.com; srg@kvn.com

25  E. Powell Miller    epm@millerlawpc.com, asl@millerlawpc.com

26  Elise Natalie Milstein    emilstein@jonesday.com, mcassidy@jonesday.com

27  Patrick David Robbins    probbins@shearman.com

28  Adam Richard Sand , Esq    arsand@JonesDay.com, mlandsborough@jonesday.com

1  Michael Adam Schwartz , Esq    mschwartz@wolfpopper.com

2  David R. Scott    drscott@scott-scott.com

3  Michael Todd Scott    tscott@orrick.com, adevlin@orrick.com

4  Arthur L. Shingler , III    ashingler@scott-scott.com, ssawyer@scott-scott.com

5  C. Brandon Wisoff    bwisoff@fbm.com, mzappas@fbm.com; calendar@fbm.com