UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re MERCURY INTERACTIVE CORP. SECURITIES LITIGATION, </br></br>_____ </br></br>This Document Relates To: </br></br>ALL ACTIONS </br>_____ | Case No.: C 05-3395 JF (PVT) </br></br>**ORDER RE RECONSIDERATION OF LEAD PLAINTIFF'S MOTION TO LIFT PSLRA STAY ON DISCOVERY** |

On February 27, 2007, District Judge Jeremy Fogel issued an order remanding Lead Plaintiff's Motion to Lift PSLRA Stay on Discovery for reconsideration in light of changed circumstances.[1] On February 28, 2007, this court requested supplemental briefing to address certain specific issues. The parties have filed their supplemental briefs. Based on the briefs and arguments submitted, and the file herein,

IT IS HEREBY ORDERED that, upon reconsideration, Lead Plaintiff's motion for relief from the PSLRA[2] stay on discovery is DENIED, conditioned on the document preservation and notice provisions set forth herein. In light of the state court's grant of the state court defendant's demurrer, the risk of undue prejudice to Lead Plaintiff has been significantly reduced at this time.

IT IS FURTHER ORDERED that Defendant Mercury Interactive Corp. ("Mercury") shall

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] "PSLRA" refers to the Private Securities Litigation Reform Act of 1995.

ORDER, *page 1*

continue to maintain in a secure location one copy of all documents that it produced to the Securities and Exchange Commission, and shall take diligent steps to ensure that any other documents which may be relevant to this action are not lost in the course of Hewlett-Packard's acquisition of Mercury.

IT IS FURTHER ORDERED that the individual defendants in this action who have D&O insurance policies shall promptly notify the court and Lead Plaintiff if any of them, or any of their insurance carriers, enter into any settlement discussions with any individual or entity related to any of the acts, omissions or conduct which are at issue in this lawsuit.

IT IS FURTHER ORDERED that, Mercury shall promptly notify the court and Lead Plaintiff of any and all determinations made regarding whether or not there is any coverage under any Defendant's Directors & Officers ("D&O") liability insurance.  One of the main reasons this court previously granted limited relief to Lead Plaintiff was a concern that Lead Plaintiff was at risk of suffering undue prejudice if a settlement with the individual defendants in the related state court case exhausted those Defendants' D&O insurance before Lead Plaintiff had an opportunity to conduct discovery and formulate a settlement position.  In its supplemental brief, Mercury informed the court that it has in fact made claims against the individual Defendant's D&O insurance policies, but that the insurers are contesting coverage.  Until there is a determination that any of the D&O policies cover the acts complained of, there is not likely to be any payout of insurance proceeds.  Thus there is currently little risk that the insurance proceeds will be exhausted before Lead Plaintiff can obtain sufficient discovery to formulate a settlement position.

IT IS FURTHER ORDERED that  Mercury shall promptly notify the court and Lead Plaintiff if it provides to any individual or entity with any further discovery–formal or informal–related to any of the acts, omissions or conduct which are at issue in this lawsuit, whether in connection with a pending lawsuit or a potential lawsuit.

IT IS FURTHER ORDERED that the provisions of this order shall expire upon either the date that the PSLRA stay is lifted (whether by operation of law or further order of this court), or the final termination of this action, whichever occurs first.

Dated: *3/20/07*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*