1  SARA B. BRODY (Bar No. 130222)
   HOWARD S. CARO (Bar No. 202082)
2  CECILIA Y. CHAN (Bar No. 240971)
   HELLER EHRMAN LLP
3  333 Bush Street
   San Francisco, CA  94104-2878
4  Telephone: 415.772.6000
   Facsimile: 415.772.6268
5  E-Mail: Sara.Brody@hellerehrman.com

6  NORMAN J. BLEARS (Bar No. 95600)
   ROBIN E. WECHKIN (*admitted pro hac vice*)
7  HELLER EHRMAN LLP
   275 Middlefield Road
8  Menlo Park, CA  94025-3506
   Telephone: 650.324.7000
9  Facsimile: 650.324.0638
   E-Mail: Norman.Blears@hellerehrman.com
10

11
   Attorneys for MERCURY INTERACTIVE CORPORATION
12

13                        UNITED STATES DISTRICT COURT

14                       NORTHERN DISTRICT OF CALIFORNIA

15                              SAN JOSE DIVISION

16

| | |
|---|---|
| In re MERCURY INTERACTIVE CORP. SECURITIES LITIGATION, | Master File No.: 5:05-CV-3395-JF (PVT) <br><br> **CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER REGARDING CONFIRMATORY DISCOVERY MATERIALS** |
| This Document Relates To: <br><br> ALL ACTIONS | Courtroom: 3 <br> Judge: The Honorable Jeremy Fogel |

---

CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER REGARDING CONFIRMATORY
DISCOVERY MATERIALS; MASTER FILE NO.: 5:05-CV-3395-JF (PVT)

The Mercury Pension Fund Group, comprised of the Steamship Trade Association/International Longshoremen's Association Pension Fund, the City of Sterling Heights General Employees Retirement System, the City of Dearborn Heights Police and Fire Retirement System, and the Charter Township of Clinton Police and Fire Pension System (collectively, the "Lead Plaintiffs"), by and through their counsel Labaton Sucharow LLP and Glancy Binkow & Goldberg LLP (collectively, "Lead Plaintiffs' counsel"); and Mercury Interactive Corporation ("Mercury"), by and through their counsel Morgan, Lewis & Bockius LLP and Heller Ehrman LLP; and PricewaterhouseCoopers Inc. ("PwC"), by and through its counsel Gibson, Dunn & Crutcher LLP (where Morgan, Lewis & Bockius LLP, Heller Ehrman LLP, and Gibson, Dunn & Crutcher LLP are collectively, "Defense counsel") hereby stipulate and agree, pursuant to Federal Rule of Civil Procedure 26(c), to this Confidentiality Agreement and Order("Agreement") in *In re Mercury Interactive Corp. Securities Litigation* (Master File No.: 5:05-CV-3395-JF (PVT)) ("Class Action Litigation") pending in the United States District Court for the Northern District of California (the "Court").

The Class Action Litigation has been resolved pursuant to terms set forth in a Memorandum of Understanding signed on October 15, 2007 (the "MOU") and a Stipulation of Settlement dated October 31, 2007; the proposed settlement is subject to Court approval.

Pursuant to the MOU and the Stipulation of Settlement, Lead Plaintiffs and Lead Plaintiffs' counsel and Mercury and Defense counsel have agreed that materials shall be produced and depositions shall be taken as confirmatory discovery solely for the purpose of evaluating the settlement value of claims and potential claims in the Class Action Litigation. Documents produced in this action as well as deposition transcripts created as part of this confirmatory discovery are confidential and proprietary in nature requiring protection and limitation as to use:

IT IS HEREBY AGREED:

1. **Confirmatory Discovery Material.** All discovery documents previously produced in connection with the Class Action Litigation settlement discussions shall be considered Confirmatory Discovery Material. Documents produced by Mercury to Lead Plaintiffs hereafter in connection with Lead Plaintiffs' confirmatory discovery requests shall be considered Confirmatory

1

Discovery Material. Additionally, transcripts of witnesses deposed as part of the confirmatory discovery process shall also be considered Confirmatory Discovery Material, as well as any exhibits attached thereto. Confirmatory Discovery Material shall also include any information copied or extracted from such documents or deposition transcripts, as well as copies, excerpts, summaries, or compilations thereof.

2. **Use of Confirmatory Discovery Material.** All Confirmatory Discovery Material described in No.1 above, and any information contained therein or derived therefrom, shall be used only in this action and no other litigation or proceeding; shall be used solely for the purpose of evaluating the settlement value of claims and potential claims in the Class Action Litigation and the accuracy of any representations made in connection with the settlement, and for no other purpose; and shall not be disclosed to anyone, except counsel in this action, non-testifying consultants in this action who are bound to preserve the confidentiality of such materials, or Honorable Nicholas H. Politan, the mediator jointly designated by Lead Plaintiffs and Mercury, *provided* that nothing herein shall preclude Lead Counsel from disclosing Materials or their contents to any Lead Plaintiff, subject to such Lead Plaintiff's agreement in writing to be bound by this Stipulation. Confirmatory Discovery Material may not be used to draft an amended complaint, pleading, or other court filing or for any purpose other than evaluating the settlement value of claims and potential claims in the Class Action and the accuracy of representations made in connection with the settlement in the Class Action Litigation. No Confirmatory Discovery Material may be filed with the Court or attached as exhibits to any complaint or form the basis of any complaint. Notwithstanding anything to the contrary contained herein, Confirmatory Discovery Material may be disclosed to the Court in camera, if necessary to support the proposed settlement, the plan of allocation or the fee application of Lead Counsel.

3. **Return and/or Destruction of Confirmatory Discovery Material.** Within thirty (30) days after the settlement agreement has been approved by the Court and the Effective Date has occurred and all matters relating to the plan of allocation, the settlement, and fees and expenses are finally resolved, all Confirmatory Discovery Material and copies thereof, including Confirmatory Discovery Material in the hands of non-testifying consultants, shall either be returned to counsel of

2

CONFIDENTIALITY STIPULATION AND [XXXXXX] ORDER REGARDING CONFIRMATORY DISCOVERY MATERIALS; MASTER FILE NO.: 5:05-CV-3395-JF (PVT)

record for the producing party or destroyed. All Lead Plaintiffs' counsel's and Lead Plaintiffs' non-testifying consultants' internal work product that contain Confirmatory Discovery Material, including copies, excerpts, summaries, or compilations thereof, shall be destroyed, or the Confidential Confirmatory Discovery Material deleted therefrom. Lead Plaintiffs' counsel shall certify in writing within (30) days after the settlement agreement has been approved by the Court and the Effective Date has occurred and all matters relating to the plan of allocation, the settlement, and fees and expenses are finally resolved that such documents have been returned or destroyed, or the Confidential Confirmatory Discovery Material deleted therefrom.

4. **No Waiver of Privileges or Protections from Disclosure.** Mercury and Lead Plaintiffs agree that the Confirmatory Discovery Material includes voluminous electronic data, collected pursuant to various search terms applied to numerous custodians of data. All parties acknowledge that, while Mercury is making appropriate effort to identify and withhold from production any documents that Mercury believes are privileged or otherwise protected from disclosure, given the large volume and nature of the material being exchanged and the time-frame in which it is being produced, there is a possibility that privileged or otherwise protected material may be produced inadvertently. Accordingly, in order to facilitate the production of Confirmatory Discovery Material and in furtherance of the parties' joint interests in connection with the Stipulation of Settlement, Lead Plaintiffs and Mercury understand and agree that, to the extent that the Confirmatory Discovery Material may include materials subject to the attorney-client privilege, work product doctrine or other applicable privilege or protection from disclosure, the production of such Confirmatory Discovery Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine or any other applicable privilege or protection from disclosure. The parties further agree that, if Mercury at any time notifies Lead Plaintiffs that any Confirmatory Discovery Material is subject to a claim of privilege or other protection from disclosure, or if Lead Plaintiffs discover that such material has been inadvertently produced, Lead Plaintiffs shall return the specified information, testimony, or documents and any copies they have, to Mercury within five (5) business days of receipt of such notice or discovery and shall not use or disclose such items

3

CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER REGARDING CONFIRMATORY DISCOVERY MATERIALS; MASTER FILE NO.: 5:05-CV-3395-JF (PVT)

for any purpose. Additionally, the parties agree that any failure by Mercury either to provide notice to Lead Plaintiffs' counsel that particular Confirmatory Discovery Material is subject to a claim of privilege or other protection from disclosure or to request the return of such Confirmatory Discovery Material will not waive the claim of privilege or other protection from disclosure as to that Confirmatory Discovery Material.

5. **Information Not Subject to the Terms of this Agreement.** This Agreement has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material obtained lawfully by such party independently of this Agreement.

6. **Entire Agreement.** This Agreement contains the entire agreement between Lead Plaintiffs and Mercury regarding its subject matter.

7. **Execution.** This Agreement may be signed in counterparts, each of which shall be deemed an original but all of which shall be deemed to constitute a single instrument.

8. **Jurisdiction.** All persons who have access to information or material produced according to this Agreement acknowledge that they are bound by this Agreement and submit to the jurisdiction of this Court for purposes of enforcing this Agreement.

9. **Survival.** Final termination of this proceeding shall not terminate the limitations on use and disclosure imposed by this Agreement, which shall remain in effect until the parties agree otherwise or the Court otherwise directs.

10. **Preservation of Discovery and Termination Provision.** In the event that the settlement of the Action is not approved or is otherwise terminated in accordance with the MOU or Stipulation of Settlement, nothing in this Stipulation shall preclude Lead Plaintiffs' counsel from hereafter seeking any documents or information from defendants to the Class Action, or preclude defendants to the Class Action from objecting to any request by Lead Plaintiffs' counsel for such documents or information, in accordance with the Federal Rules of Civil Procedure and the PSLRA. Nothing in this Stipulation shall affect the preservation obligations of any party under Section 21D(b)(3)(C) of the Exchange Act, 15 U.S.C. §78u-4(b)(3)(C).

IT IS SO STIPULATED:

Dated: November 2, 2007

HELLER EHRMAN LLP

By /s/ Sara Beth Brody
SARA B. BRODY
Attorneys for Mercury Interactive Corporation

Dated: November 2, 2007

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Joseph E. Floren
~~JOHN P. SCHULTZ~~ Joseph E. Floren
Attorneys for Mercury Interactive Corporation

Dated: November __, 2007

GIBSON, DUNN & CRUTCHER LLP

By _____
SCOTT A. FINK
JOSHUA D. HESS
MICHAEL CECCHINI
Attorneys for Defendant PricewaterhouseCoopers Inc.

Dated: November __, 2007

LABATON SUCHAROW LLP

By _____
JOEL H. BERNSTEIN
RUSSEL N. JACOBSON
Attorneys for Mercury Pension Fund Group and the Class

Dated: November __, 2007

GLANCY BINKOW & GOLDBERG LLP

By _____
PETER A. BINKOW
Attorneys for Mercury Pension Fund Group and the Class

5

CONFIDENTIALITY STIPULATION AND [~~PROPOSED~~] ORDER REGARDING CONFIRMATORY DISCOVERY MATERIALS; MASTER FILE NO.: 5:05-CV-3395-JF (PVT)

IT IS SO STIPULATED:

Dated: November __, 2007

HELLER EHRMAN LLP

By _____
SARA B. BRODY
Attorneys for Mercury Interactive Corporation

Dated: November __, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _____
JOHN F. SCHULTZ
Attorneys for Mercury Interactive Corporation

Dated: November 2, 2007

GIBSON, DUNN & CRUTCHER LLP

By _____/s/_____
SCOTT A. FINK
JOSHUA D. HESS
MICHAEL CECCHINI
Attorneys for Defendant PricewaterhouseCoopers Inc.

Dated: November __, 2007

LABATON SUCHAROW LLP

By _____
JOEL H. BERNSTEIN
RUSSEL N. JACOBSON
Attorneys for Mercury Pension Fund Group and the Class

Dated: November __, 2007

GLANCY BINKOW & GOLDBERG LLP

By _____
PETER A. BINKOW
Attorneys for Mercury Pension Fund Group and the Class

5

CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER REGARDING CONFIRMATORY DISCOVERY MATERIALS; MASTER FILE NO.: 5:05-CV-3395-JF (PVT)

IT IS SO STIPULATED:

Dated: November __, 2007

HELLER EHRMAN LLP

By _____
SARA B. BRODY
Attorneys for Mercury Interactive Corporation

Dated: November __, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _____
JOHN F. SCHULTZ
Attorneys for Mercury Interactive Corporation

Dated: November __, 2007

GIBSON, DUNN & CRUTCHER LLP

By _____
SCOTT A. FINK
JOSHUA D. HESS
MICHAEL CECCHINI
Attorneys for Defendant PricewaterhouseCoopers Inc.

Dated: November 2, 2007

LABATON SUCHAROW LLP

By /s/ Joel H. Bernstein
JOEL H. BERNSTEIN
RUSSEL N. JACOBSON
Attorneys for Mercury Pension Fund Group and the Class

Dated: November __, 2007

GLANCY BINKOW & GOLDBERG LLP

By _____
PETER A. BINKOW
Attorneys for Mercury Pension Fund Group and the Class

5

CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER REGARDING CONFIRMATORY DISCOVERY MATERIALS; MASTER FILE NO.: 5:05-CV-3395-JF (PVT)

IT IS SO STIPULATED:

Dated: November ___, 2007

HELLER EHRMAN LLP

By _____
SARA B. BRODY
Attorneys for Mercury Interactive Corporation

Dated: November ___, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _____
JOHN F. SCHULTZ
Attorneys for Mercury Interactive Corporation

Dated: November ___, 2007

GIBSON, DUNN & CRUTCHER LLP

By _____
SCOTT A. FINK
JOSHUA D. HESS
MICHAEL CECCHINI
Attorneys for Defendant PricewaterhouseCoopers Inc.

Dated: November ___, 2007

LABATON SUCHAROW LLP

By _____
JOEL H. BERNSTEIN
RUSSEL N. JACOBSON
Attorneys for Mercury Pension Fund Group and the Class

Dated: November 6, 2007

GLANCY BINKOW & GOLDBERG LLP

By _____
PETER A. BINKOW
Attorneys for Mercury Pension Fund Group and the Class

5

CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER REGARDING CONFIRMATORY DISCOVERY MATERIALS; MASTER FILE NO.: 5:05-CV-3395-JF (PVT)

ures which may be applicable to confirmatory discovery produced in the above-captioned action.

**IT IS SO ORDERED:**

Dated: November 7, 2007

*Patricia V. Trumbull*
THE HONORABLE PATRICIA V. TRUMBULL
Magistrate Judge of the United States District Court

6