JOEL H. BERNSTEIN
LOUIS GOTTLIEB
CHRISTOPHER J. KELLER
JOSEPH STERNBERG
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Telecopier:  (212) 818-0477
jbernstein@labaton.com

LIONEL Z. GLANCY, #134180
PETER A. BINKOW, #173848
MICHAEL GOLDBERG, #188669
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California  90067
Telephone:  (310) 201-9150
Telecopier:  (310) 201-9160

*Co-Lead Counsel for Lead Plaintiffs Mercury Pension Fund Group and the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re MERCURY INTERACTIVE CORP. SECURITIES LITIGATION | Master File No. 5:05-CV-3395-JF <br><br> <u>CLASS ACTION</u> <br><br> **DECLARATION OF JOEL H. BERNSTEIN IN SUPPORT OF MOTION FOR AN ORDER PRELIMINARILY APPROVING SETTLEMENT, SETTING DATE FOR FINAL APPROVAL HEARING AND PROVIDING FOR NOTICE TO THE CLASS** <br><br> Date:    June 2, 2008 <br> Time:    9:30 a.m. <br> Place:   Courtroom 3 <br> Before: Honorable Jeremy Fogel |
| This document relates to: <br><br> ALL ACTIONS | |

I, Joel H. Bernstein, declare as follows:

1. I am an attorney admitted *pro hac vice* in this action, a member of the firm of Labaton Sucharow LLP, and one of the attorneys for Lead Plaintiff Mercury Pension Fund Group (collectively referred to herein as the "Lead Plaintiffs") and the Class in this action.

2. I submit this declaration in support of the joint motion of the Lead Plaintiffs and the Settling Defendants[1] for an order preliminarily approving the proposed settlement arrived at by the settling parties and the certification of a Settlement Class, setting a date for a final approval hearing on the proposed settlement, setting a date and designating the method by which Class Members can object to the proposed settlement, the plan of allocation and the application for the award of attorneys' fees and reimbursement of disbursements to counsel and the Lead Plaintiffs (as set forth in Section VII of the proposed form of Notice, Exhibit A-1 to the Stipulation of Settlement and the Preliminary Approval Order), setting a date by which members of the Settlement Class may request exclusion from the Class (opt-out), setting a date by which Class Members wishing to participate in the Settlement must submit properly completed Proofs of Claim and supporting documents and approving the form of Proof of Claim and providing for the method by which notice of the proposed settlement, the settlement hearing, the plan of allocation and the applications for the award of attorneys' fees and reimbursement of expenses shall be provided to the members of the Class.

3. As the Court is aware, five separate actions were incorporated into this action under case number 5:05-CV-3395-JF for all purposes by an order filed on or about December 8, 2005. The consolidated actions are referred to herein collectively as the "Litigation." On May 5, 2006, Mercury Pension Fund Group, which is comprised of the Steamship Trade

---

[1] The Settling Defendants are Mercury Interactive Corporation, Mercury Interactive LLC (f/k/a Mercury Interactive Corporation) (Mercury Interactive Corporation and Mercury Interactive LLC are, for convenience, collectively referred to herein as "Mercury"), Amnon Landan, Susan Skaer, Douglas Smith, Igal Kohavi, Yair Shamir, Giora Yaron, Sharlene Abrams, PricewaterhouseCoopers Inc. and PricewaterhouseCoopers LLP (PricewaterhouseCoopers Inc. and PricewaterhouseCoopers LLP are collectively referred to herein as "PwC".) Individual defendants Landan, Skaer, Smith, Kohavi, Shamir, Yaron, and Abrams are collectively referred to herein as the "Individual Defendants".)

Association/International Longshoreman's Association Pension Fund, the City of Sterling Heights General Employees Retirement System, the City of Dearborn Heights Police and Fire Retirement System, and the Charter Township of Clinton Police and Fire Pension System, was appointed as Lead Plaintiffs.

4. On or about September 8, 2006, Lead Plaintiffs, individually and on behalf of all other persons and entities similarly situated, filed and served a Consolidated Class Action Complaint (the "Complaint") against Mercury Interactive Corp. ("Mercury"), the Individual Defendants and PwC. The Complaint alleged violations of section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Mercury and the Individual Defendants, violation of section 20(a) of the Exchange Act against the Individual Defendants, and violations of section 10(b) and Rule 10b-5 against PwC.

5. On November 7, 2006, seven separate motions to dismiss the Complaint were filed by: (1) PwC; (2) Abrams; (3) Skaer; (4) Smith; (5) Mercury; (6) Landan; and (7) Kohavi, Shamir and Yaron. Defendants also joined in various portions of each other's motions. Lead Plaintiffs filed opposition papers. On July 30, 2007, the Court granted the motions to dismiss with leave to amend. Lead Plaintiffs have not yet filed an amended complaint and, after extensive research, concluded that attempting to replead could well be futile with respect to the portion of the claims asserted on behalf of purchasers of Mercury stock between October 17, 2000 and September 7, 2001, with respect to whom the Court held that the statute of limitations barred such claims. It was at this point, prior to the filing of an amended complaint that the settling parties each concluded that it made sense to explore the possibility of resolving the Litigation.

6. As the Court is aware, from the proceedings to date, the Litigation has been hard-fought, with each side vigorously representing the interests of their respective clients. Among the many issues on which the Lead Plaintiffs and the defendants disagreed were: (1) the amount by which Mercury securities were allegedly artificially inflated (if at all) during the Class Period; (2) the effect of various market forces influencing the trading price of Mercury securities at

various times during the Class Period; (3) the extent to which external factors, such as general market and industry conditions, influenced the trading price of Mercury securities at various times during the Class Period; (4) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Mercury securities at various times during the Class Period; (5) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the trading price of Mercury securities at various times during the Class Period; (6) whether the statements made or facts allegedly omitted were material, false, misleading or otherwise actionable under the securities laws; and, (7) whether even if liability could be proven, total damages would still be $0, or $0 per damaged share. These areas of contention are disclosed to Class Members in the proposed form of Notice.

7. Similarly, the Settlement being proposed herein is the product of hard-fought, arm's length negotiations. The concept of settlement was initially broached in informal telephone conversations during April and May of 2007. Once it was agreed that there was some serious interest in resolving the litigation, a face-to-face meeting was held during June 2007. Although settlement positions were fairly divergent, it was agreed to seek the assistance of a skilled mediator, retired United States District Judge Nicholas Politan (D. N.J.). Even with the assistance of Judge Politan during two separate mediation sessions in early September 2007, a settlement proposal acceptable to both Lead Plaintiffs and Defendants was not arrived at. Only after numerous additional telephone conferences and follow-ups by Judge Politan was the Settlement Agreement being presented for preliminary approval finally hammered out. The Settlement that resulted from the negotiations reflects the arm's length negotiations that produced it. At $117.5 million, the Settlement attracted considerable interest in the press and in the securities industry and was, at the time, far and away the largest settlement achieved for shareholders who asserted that they were damaged as a result of an undisclosed stock options back-dating scheme, and more than six times larger than the next largest options back-dating settlement.

8. Following agreement in principle arrived at with the assistance of Judge Politan, the parties worked to reduce the agreement to writing and entered into the stipulation for which preliminary approval is sought. A copy of the stipulation is annexed as Exhibit I.

9. Prior to making this Motion, Lead Counsel required Defendants to produce hundreds of thousands of pages of documents responsive to search terms designed to elicit the production of documents and information bearing upon the claims alleged in the Litigation. The documents were analyzed and reviewed by teams of attorneys looking for information that would either support the basis for the Settlement or alert Lead Counsel if the facts did not support the representations and understandings giving rise to the Settlement. Also prior to presenting this Motion and requesting preliminary approval of the Settlement, Lead Counsel questioned key individuals on the staffs of Mercury and PwC at the times at issue in the Litigation. Only when Lead Counsel were satisfied that nothing that had been elicited in the discovery raised questions about the wisdom of the Settlement or the understanding of the case that gave rise to the Settlement did Lead Counsel proceed with this Motion.

10. Because the proposed Settlement was arrived at prior to the class being certified, the settling parties respectfully request that the Court conditionally certify a Settlement Class, with final certification of the Settlement Class being determined at the final approval hearing and that the Notice to be sent to the members of the Class provide them with an opportunity to request exclusion (opt out) from the Class and a deadline by which such requests must be received. The proposed form of Notice annexed as Exhibit A-1 to the Settlement Agreement and to the proposed form of order preliminarily approving the Settlement advises Class Members of the opportunity to request exclusion and will further advise them of the deadline approved by the Court by which that election must be made.

11. The proposed form of Notice informs Class Members of the basic terms of the Settlement, including the estimated benefit to Class Members if all Class Members whose shares were damaged filed proofs of claim, the Plan of Allocation and the intent of Class Counsel, who have, to date, received no payment for their work in representing the Class and who have

---

Declaration of Joel H. Bernstein in Support of
Preliminary Approval of Settlement
Master File No. 5:05-CV-3395-JF

4

prosecuted the action on a contingent basis, to apply for the award of counsel fees and the reimbursement of expenses incurred in representing the class out of the Settlement Fund that they obtained on behalf of the Class. The Notice further informs those who do not elect to request exclusion from the Class of their right to object, should they care to do so, and the method and deadline by which they can object to the Settlement, the Plan of Allocation or the request for the award of counsel fees and reimbursement of expenses.

12. Under all of the circumstances, the settling parties respectfully request that the Court schedule a final approval hearing and enter the preliminary approval order in the form submitted herewith providing for the mailing of the Notice and Proof of Claim and Release Form to the members of the Class, substantially in the form annexed as Exhibit A-1 and A-2 to the Preliminary Approval Order submitted herewith and providing for the publication of the summary notice substantially in the form annexed as Exhibit A-3 to the Preliminary Approval Order submitted herewith.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed in New York, New York, on May 16, 2008.

/s/ Joel H. Bernstein
Joel H. Bernstein (Admitted *Pro Hac Vice*)