# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re MERCURY INTERACTIVE CORP. SECURITIES LITIGATION | Master File No. 5:05-CV-3395-JF |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | STIPULATION OF SETTLEMENT |
| ALL ACTIONS | |

The Lead Plaintiffs and the Defendants, as each are hereinafter defined, by and through the undersigned, hereby enter into this Stipulation of Settlement (the "Stipulation") pursuant to the terms and conditions set forth below and subject to the approval of the United States District Court for the Northern District of California (the "Court") as set forth herein.

### Introduction

A.  WHEREAS currently pending in the Court is a consolidated class action entitled *In re Mercury Interactive Corporation Securities Litigation*, case no. C 05-3395 JF consisting of the actions commenced in the Court with the docket numbers listed below:

    Case No. C 05-3395 JF
    Case No. C 05-3864 JF
    Case No. C 05-4031 JF

Case No. C 05-4036 JF
Case No. C 05-5157 JF

B.  The first action, *Archdiocese of Milwaukee Supporting Fund, Inc. v. Mercury Interactive Corporation, et al.*, Case No. C 05-3395 JF, was filed on August 19, 2005 against Mercury Interactive Corporation ("Mercury," as defined below) and certain individuals. The actions listed above were consolidated by order of the Court on or about December 8, 2005;

C.  On May 5, 2006, the Court appointed Mercury Pension Fund Group, which is comprised of the Steamship Trade Association/International Longshoreman's Association Pension Fund, the City of Sterling Heights General Employees Retirement System, the City of Dearborn Heights Police and Fire Retirement System, and the Charter Township of Clinton Police and Fire Pension System, as Lead Plaintiff and approved Lead Plaintiff's choice of Labaton Sucharow LLP and Glancy Binkow & Goldberg LLP as Co-Lead Counsel (collectively, "Lead Counsel") in the class action;

D.  On or about September 8, 2006, Lead Plaintiffs, individually and on behalf of all other persons and entities similarly situated, filed and served a Consolidated Class Action Complaint ("Complaint") against Mercury and individual defendants Amnon Landan, Douglas Smith, Sharlene Abrams, Susan Skaer, Igal Kohavi, Yair Shamir, and Giora Yaron (the "Individual Defendants"), and PricewaterhouseCoopers Inc. ("PwC") (Mercury, the Individual Defendants, and PwC, are referred to collectively herein as the "Defendants"). The Complaint alleges violations of Section 10(b) of the Exchange Act and Rule 10b-5 against Mercury and the Individual Defendants, violation of Section 20(a) of the Exchange Act against the Individual Defendants, and violations of Section 10(b) and Rule 10b-5 against PwC.

E.  On November 7, 2006, seven separate motions to dismiss the Complaint were filed by: (1) PwC; (2) Abrams; (3) Skaer; (4) Smith; (5) Mercury; (6) Landan; and (7) Kohavi, Shamir and Yaron. Defendants also joined in various portions of each other's motions. Lead Plaintiff filed oppositions to the motions filed by Mercury, the Individual Defendants and PwC.

F.  On July 30, 2007, the Court granted the motions to dismiss the Complaint with leave to amend. Lead Plaintiffs have not yet filed an Amended Complaint. With respect to Part

1  III(1)(b)(i) of the Court's July 30, 2007 order, which held that "the class should not include
2  individuals or entities that purchased Mercury stock prior to September 8, 2001" and dismissed
3  the claims asserted in the Complaint on behalf of purchasers during the period October 17, 2000
4  through September 7, 2001 as barred by the statute of limitations; Lead Plaintiffs and Lead
5  Counsel have determined, after research and investigation, that the Complaint cannot be amended
6  to avoid the statute of limitations as applied by the Court with respect to claims of purchasers on
7  or before September 7, 2001.

8  G.  Lead Plaintiffs, through their Lead Counsel, have made a substantial investigation
9  into the facts and circumstances relevant to the claims alleged in the Complaint. In connection
10 with the investigation, in addition to studying the public record, they will have conducted
11 discovery, including inspecting thousands of pages of documents and interviewing or deposing
12 party witnesses prior to the Settlement Fairness Hearing. In addition, Lead Plaintiffs have
13 extensively consulted with damages experts with regard to the claims asserted in the Complaint.
14 This Settlement is the result of an intensive, two-day mediation held in New York, New York on
15 September 4 and 12, 2007 under the aegis of a professional mediator, Hon. Nicolas Politan (Ret.),
16 attended by representatives and counsel for Lead Plaintiffs and Mercury. The parties to this
17 Stipulation, by their counsel, have conducted extensive discussions and arm's-length negotiations
18 concerning the terms and conditions of this Settlement.

19 H.  Lead Plaintiffs and their counsel conducted a thorough investigation of the claims
20 asserted in the Litigation. This investigation included, inter alia: (1) consultation with accounting
21 experts concerning the amount of damages suffered by the Settlement Class; (2) detailed reviews
22 of Mercury's public filings, annual reports, press releases, and other public statements; (3) review
23 of analysts' reports and articles in the financial press relating to Mercury; (4) review of
24 documents produced by Mercury in the settlement process; (5) engaging the services of a private
25 investigator; and (6) research of the applicable law with respect to the claims asserted in the
26 complaints filed in the Litigation, and the potential defenses thereto. In addition, Lead Plaintiffs
27 and their counsel will conduct confirmatory discovery. Lead Plaintiffs and their counsel, without
28 conceding any lack of merit in their claims, have concluded that it is in the best interests of the

Class to settle the Class Actions (as defined below) on the terms contained in this Stipulation. In evaluating the Settlement, Lead Plaintiffs and their counsel have considered: a. the substantial financial benefits provided herein for the Class; b. the attendant risks of litigation; c. the expense and length of time necessary to prosecute the Class Actions through trial; d. the defenses asserted by and available to the Defendants; e. the uncertainties of the outcome of this complex litigation; f. the fact that resolution, whenever and however determined, would likely be subject to appellate review, as a consequence of which it might be many years until final adjudication of the Class Actions; and g. the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

I. The Defendants, while affirmatively denying wrongdoing of any kind whatsoever, or any liability to Class Members, and without conceding any infirmity in the defenses asserted or which could be asserted, consider it desirable that the Class Actions be dismissed on the terms set forth herein in order to avoid further expense and to dispose of burdensome and protracted litigation. The Defendants agree that the Settlement is fair, reasonable and adequate to the Class and the Settlement Class (as defined below).

J. This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted.

K. This Stipulation shall in no event be construed or deemed to be evidence or a concession by the Lead Plaintiffs of any infirmity in the claims asserted in the Litigation. The parties to this Stipulation, and each of them, shall not assert or pursue in any action, claims that any other party hereto violated any provision of Rule 11 of the Federal Rules of Civil Procedure in connection with the Litigation (as defined below). Further, the parties and their counsel, and each of them, will not deny in any statement made to any media representative that the Litigation is being settled voluntarily after consultation with competent counsel. The parties and their counsel, and each of them, agree that the Litigation was resolved in good faith, following arms' length bargaining, confers substantial benefits upon the Settlement Class and, based upon their

evaluation, achieves the best relief possible consistent with the interests of the Settlement Class.

L. The parties agree that certification of a class, for settlement purposes only, is appropriate in the Class Actions. For purposes of this Settlement, Defendants agree that the Settlement Class is so numerous that joinder of all members is impracticable. There are questions of law and fact common to the Settlement Class. As set forth in the Complaint, the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class for settlement purposes. Lead Counsel is experienced in claims of this type and capable of fairly and adequately protecting the interests of the Settlement Class. Lead Counsel represents that, with the assistance of counsel, the representative parties have and will fairly and adequately protect the interests of the Settlement Class. In light of the Settlement, the parties agree that for settlement purposes only, questions of law or fact common to the Settlement Class predominate over questions affecting individual members, and that a class action settlement is superior to other methods for fair and efficient disposition of the Settled Class Claims.

NOW THEREFORE, THE PARTIES TO THIS STIPULATION, THROUGH THE UNDERSIGNED DULY AUTHORIZED REPRESENTATIVES, INTENDING TO BE LEGALLY BOUND HEREBY, STIPULATE AND AGREE THAT, SUBJECT TO APPROVAL OF THE COURT PURSUANT TO RULE 23(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE, THE CLASS ACTIONS SHALL BE COMPROMISED AND SETTLED AND DISMISSED WITH PREJUDICE UPON AND SUBJECT TO THE FOLLOWING TERMS AND CONDITIONS.

### Certain Definitions

As used in this Stipulation, exhibits attached hereto and made part hereof, and related documents (unless otherwise indicated), the following terms shall have the following meanings:

(a) "Authorized Claimant" shall mean a Claimant who files a timely and valid Proof of Claim with required documentation in accordance with the requirements of the Hearing Order, Notice and paragraph 19 of this Stipulation.

(b) "Claimant" shall mean any member of the Settlement Class who files a Proof of Claim in connection with this Settlement in such manner and within such time as

provided in this Stipulation, or as the Court shall prescribe.

(c) "Class" shall mean the Lead Plaintiffs and all Persons and entities who purchased or otherwise acquired securities of Mercury (including common stock, options, other equity securities, and debt securities) either directly or by dividend re-investment during the Class Period, and their respective executors, administrators, representatives, agents, attorneys, successors, heirs and/or assigns.

(d) "Class Actions" shall mean the actions identified in paragraphs A, B and C of this Stipulation, and all other related actions asserting similar or related claims filed in or transferred to the Court that were or will be consolidated for all purposes pursuant to the Scheduling Order prior to entry of the Hearing Order. The "Litigation" shall mean the Class Actions, collectively and individually.

(e) "Class Escrow Agent" shall mean the Court-appointed Claims administrator and Plaintiffs' Lead Counsel who shall serve jointly as escrow agent until the Effective Date only.

(f) "Class Escrow Funds" shall mean the funds deposited into an interest bearing account at such financial institution as Defendants and Lead Plaintiffs may agree, and with the Class Escrow Agent pursuant to the terms and conditions of this Stipulation.

(g) "Class Member(s)" or "Member(s) of the Class" shall mean a Person or Persons who are members of the Class.

(h) "Class Notice" or "Notice" shall mean the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form annexed hereto as Exhibit A-1 to the Hearing Order.

(i) "Complaint" shall mean the Consolidated Amended Class Action Complaint served and filed on or about September 8, 2006.

(j) "Defendants" shall mean Mercury; Amnon Landan; Douglas Smith; Sharlene Abrams; Susan Skaer; Igal Kohavi; Yair Shamir; Giora Yaron; PricewaterhouseCoopers Inc.; and, respectively, their Related Parties.

(k) "Defendants' Claims" shall mean all claims by Defendants against Lead

1  Plaintiffs, any Settlement Class Member, Lead Counsel and any other counsel representing the
2  Lead Plaintiffs and the Settlement Class arising out of, relating to or in connection with the
3  prosecution, assertion of settlement or resolution of the Class Action or the Settled Class Claims.
4      (l)    "Defendants' Counsel" shall mean Mercury Counsel, as defined below, and
5  the law firms that represent Defendants Amnon Landan; Douglas Smith; Sharlene Abrams; Susan
22  LeBlanc; Yuval Scarlat, any entity in which Initial Defendants have a controlling interest, any
23  member of an Initial Defendant's immediate family, or any trust of which any Initial Defendant is
24  the settlor or which is for the benefit of Initial Defendant's family.
25      (s)    "Lead Counsel" or "Plaintiffs' Lead Counsel"