1  City of Sterling Heights General Employees Retirement System, the City of Dearborn Heights
2  Police and Fire Retirement System, and the Charter Township of Clinton Police and Fire Pension
3  System.

4  (u) "Net Class Settlement Fund" shall mean the Gross Settlement Fund less all
5  attorneys' and other fees as approved by the Court, taxes and expenses that are paid out of the
6  Gross Settlement Fund in connection with the Settlement of the Class Actions.

7  (v) "Mercury" shall mean Mercury Interactive, LLC, formerly known as
8  Mercury Interactive Corporation.

9  (w) "Mercury Counsel" shall mean the law firms of Heller Ehrman LLP and
10  Morgan, Lewis & Bockius LLP, which represent Mercury.

11  (x) "Person" shall mean an individual, corporation, partnership, limited
12  partnership, association, joint stock company, estate, legal representative, trust, unincorporated
13  organization, and any other type of legal entity, and their respective executors, administrators,
14  representatives, agents, attorneys, heirs, successors, and/or assigns.

15  (y) "Proof of Claim" shall collectively mean the Proof of Claim and Release,
16  substantially in the form annexed hereto as Exhibit A-2 to the Hearing Order.

17  (z) "Related Parties" means each of a Defendant's past or present directors,
18  officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys,
19  accountants or auditors, personal or legal representatives, predecessors, successors, parents,
20  subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any
21  entity in which a Defendant has a controlling interest, any member of any Individual Defendant's
22  immediate family, or any trust of which any Individual Defendant is the settlor or which is for the
23  benefit of any Individual Defendant's family.

24  (aa) "Released Claims" shall collectively mean any and all claims arising from
25  the purchase (as the term is used in the Securities Exchange Act to include contract to buy,
26  purchase, or otherwise acquire) or sale of Mercury securities and relating in any way to
27  Mercury's financial statements, the sale of securities by any Mercury officer, director or
28  employee, or any other acts, facts, statements or omissions during the Class Period that are

alleged or could have been alleged in the Litigation. "Released Claims" includes "Unknown Claims" as defined in ¶ (oo) hereof.

(bb) "Released Persons" means each and all of the Defendants, their Related Parties, and Initial Defendants.

(cc) "Settled Class Claims" shall mean any and all claims, suits, demands, controversies, rights or causes of action, damages, losses, fees, costs, obligations, or liabilities of any kind or nature whatsoever, for compensatory damages, punitive damages or any other relief, monetary, injunctive or otherwise, whether at law or in equity, whether based on or arising under federal, state, local or foreign statutory or common law or any other law, rule or regulation, whether direct, indirect or derivative, individual or representative, however denominated, including both known and Unknown Claims, whether pleaded or unpleaded, suspected or unsuspected, that now exist or heretofore existed, that relate to, or which are in any way based upon or arise from, or are in any way connected with the claims asserted in the Class Actions, or which relate to, or which are in any way based upon or arise from, or are in any way connected with any of the acts, facts, events, circumstances, matters, claims, allegations, transactions, occurrences, omissions or representations, misrepresentations of any kind or nature whatsoever, related to the subject matters referred to in, set forth in, involved in, or the facts or claims for relief which were or could have been alleged or litigated in the Class Actions.

(dd) "Settlement" shall mean the settlement provided for in this Stipulation.

(ee) "Settlement Administrator" or "Claims Administrator" shall mean the firm which shall administer the Settlement.

(ff) "Settlement Class" shall mean Lead Plaintiffs and the Class ("Class" meaning the Lead Plaintiffs and all Persons and entities who purchased or otherwise acquired securities of Mercury (including without limitation common stock, options, other equity securities, or debt securities) either directly or by dividend re-investment from and including September 8, 2001 through July 3, 2006, inclusive, and their respective executors, administrators, representatives, agents, attorneys, successors, heirs and/or assigns. Excluded from the Settlement Class are the Defendants; members of Defendants' immediate families; all individuals who are

1  either current officers and/or directors, or who served as officers and directors at any time during
2  the Settlement Class Period or any of the Defendants; Defendants' subsidiaries; any person, firm,
3  trust, corporation, officer, director or other individual or entity in which any Defendant has a
4  controlling interest or any entity which is related to or affiliated with any Defendant; Hewlett-
5  Packard Company, and any and all subsidiaries and affiliates of Hewlett-Packard Company; and
6  the legal representatives, agents, affiliates, heirs, successors and assigns of any such excluded
7  persons. Also excluded from the Settlement Class are any persons who exclude themselves by
8  filing valid and timely requests for exclusion from the Settlement Class in accordance with the
9  requirements set forth in the Notice.

   (gg)  "Settlement Class Member" shall mean a Person who is a member of the Settlement Class.

   (hh)  "Settlement Class Period" or "Class Period" shall mean the period from and including September 8, 2001, through July 3, 2006, inclusive.

   (ii)  "Settlement Fairness Hearing" shall mean the hearing to be held by the Court for the purposes set forth in paragraph 24 of the Stipulation.

   (jj)  "Settlement Fund" shall mean one hundred and seventeen million five hundred thousand dollars ($117,500,000.00) and all interest earned thereon.

   (kk)  "Settlement Fund Escrow Account" shall mean the Escrow Account established by the Class Escrow Agent to hold the Settlement Fund.

   (ll)  "Settling Parties" shall mean, collectively, the Defendants and the Lead Plaintiffs on behalf of themselves and the Class Members.

   (mm)  "Stipulation of Settlement" or "Stipulation" shall mean this Stipulation of Settlement, including the exhibits attached hereto.

   (nn)  "Summary Notice" shall mean the Summary Notice describing the settlement of this Litigation and the hearing on the Settlement, substantially in the form annexed hereto as Exhibit A-3 to the Hearing Order.

   (oo)  "Unknown Claims" means any Released Claims any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release

of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Settled Class Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

The Lead Plaintiffs and the Defendants, through the undersigned, stipulate and agree:

### Stipulation Of Class Certification

1. The parties hereto stipulate to the certification, for settlement purposes only, of the Settlement Class (as defined above) pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

### The Settlement Consideration

2. In settlement of the Class Actions, the Settlement Fund shall be deposited in the Settlement Fund Escrow Account, as established by Lead Counsel, for the benefit of the Settlement Class, as follows:

(a) Within ten (10) business days after the Court grants preliminary approval of this proposed Stipulation, Defendant Mercury, on behalf of the Defendants, shall deposit or cause to be deposited into the Settlement Fund Escrow Account, for the benefit of the Settlement Class, the sum of $117,500,000.00 in immediately available U.S. funds.

(b) Except as otherwise provided herein, the Defendants shall have no responsibility for the disposition, administration, investment or distribution of the Settlement Fund, the determination, administration, calculation or payment of claims, the payment or withholding of taxes, or any losses incurred in connection therewith after all or any portion of the Settlement Fund has been transferred to the Class Escrow Agent in accordance with paragraph 2(a).

### Application For Hearing Order

3. Following execution of this Stipulation, the Lead Plaintiffs and the Defendants shall promptly request that the Court enter the Hearing Order in the form attached as Exhibit A, granting preliminary approval of the proposed Settlement solely for the purpose of scheduling a Settlement Fairness Hearing and authorizing Lead Counsel to give notice to the Class of the Settlement Fairness Hearing and of Settlement Class Members' rights to request exclusion (opt out) from the Settlement Class or to object.

### Order And Final Judgment

4. If the Settlement contemplated by this Stipulation is approved by the Court,

following the Settlement Fairness Hearing, the Lead Plaintiffs and the Defendants shall request that the Court enter the Final Judgment substantially in the form annexed hereto as Exhibit B.

### Effective Date

5.  The Settlement shall not become effective until the Effective Date. The Effective Date means the date on which all of the following preconditions are satisfied, unless the preconditions are expressly waived in writing by the Lead Plaintiffs and Defendants: (i) the Settlement Consideration provided for in paragraph 2 has been paid; (ii) the Final Judgment, substantially in the form of Exhibit B, has been entered by the Court; (iii) the applicable period to file all appeals from the Final Judgment has expired without the filing of any appeals, or, in the event of any appeal, an order has been entered dismissing the appeal or affirming the appealed Final Judgment, and any time period for further appeal, including a petition for a writ of certiorari, has expired.

(a) The Effective Date shall not be delayed if an appeal is taken from or review is sought of any Final Judgment if such appeal or petition for review solely challenges (i) the Fee and Expense Award (as defined in paragraph 27), (ii) the allocation of the Fee and Expense Award among counsel representing the Settlement Class, and/or (iii) the allocation of the Net Class Settlement Fund among Settlement Class Members.

### Scope And Effect Of Settlement

6.  The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Class Actions and any and all Settled Class Claims as against all Released Persons and any and all Defendants' Claims.

7.  By operation of the Final Judgment, upon the Effective Date of this Settlement, Lead Plaintiffs and every other Settlement Class Member shall, with respect to each and every Settled Class Claim, have fully, finally and forever released, discharged and relinquished, and shall forever be enjoined from prosecuting, any Settled Class Claims against any of the Released Persons. The Lead Plaintiffs and all Settlement Class Members shall be bound by the releases set forth in the Final Judgment. Defendants and the Released Persons shall be bound by the release set forth in paragraph 26(b).

(a) By operation of the Final Judgment, upon the Effective Date of this Settlement, each and every Settlement Class Member shall, with respect to each and every Released Person, have fully, finally and forever released, discharged and relinquished, and shall forever be enjoined from prosecuting, any Settled Class Claim against any Released Person, any and all claims, demands, controversies, rights of action, expenses, liabilities, damages, costs (including attorneys' fees), obligations, losses and causes of action of any kind or nature whatsoever, whether known, unknown, suspected or unsuspected, arising from or relating to the Settled Class Claims; and

(b) The Settlement Class Members are aware that they may have claims against Released Persons arising from or relating to the Settled Class Claims, of which they may have no present knowledge or suspicion. Having taken into account that possibility in entering into the Stipulation, the Settlement Class Members agree that the Final Judgment will be a full and final release applying to all unknown and unsuspected claims against Defendants or the Released Persons arising from or relating to the Settled Class Claims. Settlement Class Members expressly waive any right or claim of right to assert hereafter that any claim has, through ignorance, oversight, concealment, or error, been omitted from the terms of the Stipulation. Settlement Class Members shall be deemed to have waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code section 1542 and EXPRESSLY WAIVE THE PROVISIONS AND BENEFITS OF SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH PROVIDES:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXE- CUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

### Termination Of Stipulation

8. Concurrently with the execution of this Stipulation, Lead Counsel, Mercury, and Mercury Counsel are executing a confidential supplemental agreement (the "Supplemental Agreement"), the substance of which provides that if Class Members exceeding certain maximum parameters opt out of the Settlement in accordance with Federal Rule of Civil Procedure 23(c) and this Stipulation, then Mercury shall, at its sole option, have the right to terminate this Stipulation. The parameters sufficient to trigger the option to terminate this Stipulation are set forth in the Supplemental Agreement, as are provisions regarding the withdrawal of requests for exclusion and the effect of such withdrawals on Mercury's rights. The Supplemental Agreement may be examined *in camera* if so requested by the Court. In the event of a withdrawal from this Stipulation pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of paragraphs 10 and 11 shall apply.

9. (a) The determination of Lead Plaintiffs and the Settlement Class to enter into this Stipulation is conditioned upon the completion of confirmatory discovery prior to the Settlement Fairness Hearing and the conclusion by Lead Plaintiffs and Lead Counsel following the completion of such confirmatory discovery that the facts and damages support the entry into the Stipulation by Lead Plaintiffs and the Settlement Class. In the event that, following the confirmatory discovery provided for herein, Lead Plaintiffs and the Lead Counsel are not satisfied that the Settlement is supported by the results of the confirmatory discovery or that the confirmatory discovery was not sufficient for Lead Plaintiffs and Lead Counsel to determine whether the confirmatory discovery supported the Settlement, Lead Plaintiffs and Lead Counsel may elect to terminate the Stipulation and withdraw from the Settlement, in which event this stipulation shall become null and void and of no further force and effect and the provisions of paragraphs 10 and 11 shall apply. Mercury will endeavor to provide the confirmatory discovery described herein as expeditiously as reasonably possible.

(b) Mercury will produce to Lead Counsel documents necessary for Lead Counsel to conduct confirmatory discovery not less than 30 days prior to the Settlement Fairness Hearing consisting of documents collected by O'Melveny & Myers (including e-mail messages