UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| In re MERCURY INTERACTIVE SECURITIES LITIGATION | No. CV 05-3395 JF<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>Date:<br>Time:<br>Courtroom: Honorable Jeremy Fogel |
|---|---|

WHEREAS, a class action is pending before the Court entitled *In re Mercury Interactive Corporation Securities Litigation*, Master File No. 5:05-CV-3395-JF.

WHEREAS, the Court has received the Stipulation of Settlement dated as of October 31, 2007 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  For purposes of this Settlement only, the Court will certify a Class defined as: All persons and entities that purchased or otherwise acquired securities of Mercury (including common stock, options, other equity securities, and debt

securities) either directly or by dividend reinvestment between September 8, 2001, and July 3, 2006, the Settlement Class Period. The Settlement Class shall exclude: Defendants; members of Defendants' immediate families; all individuals who are either current officers and/or directors, or who served as officers and directors at any time during the Settlement Class Period of any of the Defendants; Defendants' subsidiaries; any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or any entity which is related to or affiliated with any Defendant; Hewlett-Packard Company, and any and all subsidiaries and affiliates of Hewlett-Packard Company; and the legal representatives, agents, affiliates, heirs, successors and assigns of any such excluded persons. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Class in accordance with the procedure set forth in the form of Notice annexed hereto as Exhibit A-1.

2. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

3. A hearing (the "Settlement Fairness Hearing") shall be held before this Court on 9/25, 2008, at 9:30 a.m., at the United States Courthouse, 280 South First Street, San Jose, California, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in

the Stipulation is fair, just, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Plaintiffs' Lead Counsel; and to determine the amount of expenses to be reimbursed to the Lead Plaintiffs.  The Court may adjourn the Settlement Fairness Hearing without further notice to Members of the Class.

4. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 5-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Complete Claim Solutions, LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Plaintiffs' Lead Counsel shall make reasonable efforts to identify all Persons who are Members of the Class, and not later than thirty (30) days from the date of this Order (the "Notice Date"), Plaintiffs' Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Class Members who can be identified with such reasonable effort;

(b) Not later than ten (10) days from the Notice Date, Plaintiffs' Lead Counsel shall cause the Summary Notice to be published once in *The Mercury News* and once in the national edition of *Investors Business Daily*; and

(c) At least seven (7) calendar days prior to the Settlement Fairness Hearing, Plaintiffs' Lead Counsel shall cause to be served on Mercury Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased the common stock of Mercury for the beneficial ownership of Class Members during the Class Period are directed to send the Notice and the Proof of Claim to all beneficial owners of such Mercury securities within ten (10) days after receipt thereof, or to send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. The

Claims Administrator shall, if requested, and upon presentation of supporting documentation, reimburse banks, brokerage houses or other nominees solely for their reasonable actual out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

7. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

8. Class Members who do not timely and validly effect their exclusion from the Class in accordance with the procedure set forth in the Notice shall be a member of the Class. Class Members wishing to share in the Settlement Fund shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than one hundred fifty (150) days from the Notice Date. Any Class Member who does not submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Plaintiffs' Lead Counsel shall have discretion to

extend the time for submitting proofs of claim for a period of up to 60 additional days without further order of this Court.

9. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Plaintiffs' Lead Counsel and Mercury Counsel a notice of such appearance. Class Members who do not enter an appearance, will be represented by Plaintiffs' Lead Counsel.

10. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), received no later than twenty-one (21) days prior to the Settlement Fairness Hearing. A Request for Exclusion must: (a) state the name, address, and telephone number of the Person requesting exclusion; (b) identify each of the Person's purchases and sales of Mercury securities made during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; (c) provide proper evidence of the Person's purchases and sales of Mercury securities during the Class Period; and (d) state that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the

Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

11. Any Member of the Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the plaintiffs, or why the expenses of the Lead Plaintiffs should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Class Member has delivered by hand or sent by first-class mail written objections and copies of any papers and briefs such that they are received by hand or postmarked on or before twenty-one (21) days prior to the Settlement Fairness Hearing, by Labaton Sucharow LLP, Attn: Joel H. Bernstein, 140 Broadway, New York, NY 10005; Glancy Binkow & Goldberg, Attn: Peter Binkow, 1801 Avenue of the Stars, Suite 311, Los Angeles, CA 90067; Heller Ehrman LLP, Attn: Sara Brody, 333 Bush Street, San Francisco, CA 94104-2878, and filed with the Clerk of the United States District Court for the Northern District of California, on or before twenty-one (21) days prior to the Settlement Fairness Hearing. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such

objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the plaintiffs or expenses of the Lead Plaintiffs, unless otherwise ordered by the Court.

12. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13. All papers in support of the settlement, the Plan of Allocation, and any application by counsel for the plaintiffs for attorneys' fees or reimbursement of expenses or by Lead Plaintiffs for reimbursement of their expenses shall be filed and served seven (7) calendar days prior to the Settlement Fairness Hearing.

14. Defendants, their Related Parties, Defendants' Counsel, and Mercury Counsel shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by plaintiffs' counsel or the Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

15. At or after the Settlement Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

16. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶ 11 or 14 of the Stipulation.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

18. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Class Claims against any Released Party.

19. Pending final determination of whether the Settlement should be approved, all proceedings and all discovery other than the discovery provided for in paragraph 9 of the Stipulation of Settlement with respect to the Defendants in the Class Actions are stayed pending further order of the Federal Court.

20. The Court reserves the right to adjourn the date of the Settlement Fairness Hearing without further notice to the Members of the Class, and retains

jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

Dated: 6/2, 2008 _____
HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE