**E-Filed 9/25/08**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re MERCURY INTERACTIVE CORP. SECURITIES LITIGATION | Master File No. 5:05-CV-3395-JF (PVT) |
| | CLASS ACTION |
| This Document Relates To: | [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS | |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated July 2, 2008, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of October 31, 2007 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.   "Class" or "Settlement Class" means all Persons (other than those Persons who timely and validly request exclusion from the Class) who purchased or otherwise acquired securities of Mercury (including without limitation common stock, options, other equity securities, and debt securities) either directly or by dividend re-investment from and including September 8, 2001 through July 3, 2006, inclusive, and their respective executors, administrators, representatives, agents, attorneys, successors, heirs and/or assigns. Excluded from the Settlement Class are the Defendants; members of Defendants' immediate families; all individuals who are either current officers and/or directors, or who served as officers and directors at any time during the Settlement Class Period of any of the Defendants; Defendants' subsidiaries; any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or any entity which is related to or affiliated with any Defendant; Hewlett-Packard Company, and any and all subsidiaries and affiliates of Hewlett-Packard Company; and the legal representatives, agents, affiliates, heirs, successors and assigns of any such excluded persons. Also excluded from the Settlement Class are those persons (identified in Exhibit 1 hereto) who excluded themselves by filing valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

4.   Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation, certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23, and finds that said settlement is, in all respects, fair, just, reasonable and adequate to the Class.

5.   The Court hereby approves the Settlement set forth in the Stipulation and finds that:

   (a)   said Stipulation is, in all respects, fair, reasonable and adequate and in the best interest of the class;

   (b)   there was no collusion in connection with the Stipulation;

   (c)   the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

    (d)  the record is sufficiently developed and complete to have enabled the Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

  6.  Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Complaint, the Litigation, and all Settled Class Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Stipulation and herein.

  7.  The Court finds that the Stipulation and settlement are fair, just, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

  8.  Upon the Effective Date hereof, the Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Class Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

  9.  All Class Members are hereby forever barred and enjoined from prosecuting any of the Settled Class Claims against any of the Released Persons.

  10.  Upon the Effective Date hereto; each of the Defendants and the Released Persons and Related Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and counsel to the Lead Plaintiffs from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Settled Class Claims.

  11.  The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all

Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12. Any Plan of Allocation submitted by Plaintiffs' Lead Counsel or any order entered regarding any attorneys' fee and expense application or any application by Lead Plaintiffs for reimbursement of expenses shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Class Claims, or of any wrongdoing or liability of the Initial Defendants, Defendants, or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Released Persons may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation and the expenses of the Lead Plaintiffs; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

1  16. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Mercury, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: 9/25/08

THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT JUDGE

# Exhibit 1

| NAME OF CLAIMANT | STREET ADDRESS | CITY | ST | ZIP CODE | TELE # | DATE OF P OR S | P OR S | PRICE PER SHARE | # OF SHARES | EXC SIGNED | DATE ALL PARTIES NOTIFIED | Timely/Late |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dortha Cox | 4900 Morris Lane | Oklahoma City | OK | 73112 | Not provided | 3/21/2003 | P | Not provided | 19 | Yes | 8/12/2008 | Timely |
|  |  |  |  |  |  | 1/26/2004 | S | Not Provided | 19 |  |  |  |
| Shunso & Margaret Watanabe | 22928 Cricket Hill Rd | Cupertino | CA | 95014 | 408-446-4024 | 10/6/2003 | P | $50.07 | 400 | Yes | 8/12/2008 | Timely |
|  |  |  |  |  |  | 8/25/2006 | S | $50.53 | 400 |  |  |  |