JOEL H. BERNSTEIN (admitted *pro hac vice*)
LOUIS GOTTLIEB (admitted *pro hac vice*)
MICHAEL H. ROGERS (admitted *pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Telecopier:  (212) 818-0477
jbernstein@labaton.com

LIONEL Z. GLANCY #134180
PETER A. BINKOW #173848
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California  90067
Telephone:  (310) 201-9150
Telecopier:  (310) 201-9160

*Co-Lead Counsel for Lead Plaintiff,*
*Mercury Pension Fund Group and the Class*

JAMES M. WAGSTAFFE, #95535
DANIEL A. ZAHEER #237118
KERR & WAGSTAFFE LLP
100 Spear Street, Suite 1800
San Francisco, CA  94105-1528
Telephone:  (415) 371-8500
Telecopier:  (415) 371-0500

*Co-Counsel for the*
*Mercury Pension Fund Group*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re MERCURY INTERACTIVE CORP. SECURITIES LITIGATION | Master File No. 5:05-CV-3395-JF (PVT) |
| | CLASS ACTION |
| This document relates to: | **REPLY IN SUPPORT OF LEAD COUNSELS' RENEWED APPLICATION FOR AWARD OF ATTORNEYS' FEES** |
| ALL ACTIONS | |
| | Date:      February 18, 2011 |
| | Time:      9:30 a.m. |
| | Place:     Courtroom 3 |
| | Before:    Honorable Jeremy Fogel |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.      PRELIMINARY STATEMENT ............................................................................... 1

II.     ARGUMENT .......................................................................................................... 5

    a.      The Reaction of the Settlement Class Thoroughly Supports the Approval of
        Lead Counsels' Renewed Application for Attorneys' Fees ............................... 5

    b.      The Objections to the Renewed Application for Attorneys' Fees Are Without
        Merit and Should Be Overruled ..................................................................... 5

        i.      The Objectors Lack Standing to Object  Because They Have No
            Stake in the Settlement Fund ........................................................... 5

        ii.     The Objectors May Lack Standing to Object as Non-Class Members ........... 7

        iii.    Lead Counsels' Fee Request Is Reasonable  in Light of the
            Circumstances of the Litigation ...................................................... 8

        iv.     Contrary to Mr. Palmer's Objection, the Ninth Circuit  Has a 25%
            Benchmark in Awarding Attorneys' Fees ........................................ 9

        v.      The Court Has Sufficient Information to Determine the Benefit to
            Class Members, Since the Settlement Fund Is to Be Distributed
            *Pro Rata* ......................................................................................... 11

    c.      The Objectors Should Be Required to Post a Bond if an Appeal Is Taken ............... 12

III.    CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*In re Activision Sec. Litig.*,
  723 F.Supp. 1373 (N.D. Cal. 1989)................................................................................10

*Allen v. Wright*,
  468 U.S. 737 (1984) ............................................................................................................5

*Atlas v. Accredited Home Lenders Holding Co.*,
  No. 07-CV-00488, 2009 WL 3698393 (S.D. Cal. Nov. 4, 2009) ........................................4

*Baker v. Urban Outfitters, Inc.*,
  No. 01 CV 5440, 2006 WL 3635392 (S.D.N.Y. Dec. 12, 2006) ......................................13

*Barnes v. FleetBoston*,
  No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) ................13

*Berry v. Deutsche Bank Trust Co. Am.*,
  632 F. Supp. 2d 300 (S.D.N.Y. 2009) ..............................................................................13

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ..........................................................................................................10

*Braud v. Transport Serv. Co. of Ill.*,
  No. 05-1898, 2010 WL 3283398 (E.D. La Aug. 17, 2010) ...........................................6, 7

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
  504 F.3d 229 (2d Cir. 2007) ...............................................................................................7

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
  370 F. Supp. 2d  320 (D. Me. 2005)..................................................................................12

*In re Currency Conversion Fee Antitrust Litig.*,
  MDL No. 1409, 2010 WL 1253741 (S.D.N.Y. Mar. 5, 2010)........................................13

*In re Dell Sec. Litig.*,
  No. A-06-CA-726-SS, 2010 WL 2371834 (W.D. Tex. June 11, 2010) .............................2

*Feder v. Elec. Data Sys. Corp.*
  248 F. App'x 579, 581 (5th Cir. 2007) ............................................................................6, 7

*Fernandez v. Victoria Secret Stores, LLC*,
  No. CV 06-04149 MMM, 2008 WL 8150856 (C.D. Cal. July 21, 2008) ......................4, 9

*In re First Capital Holdings Corp. Fin. Prod. Sec. Litig.*,
  33 F.3d 29 (9th Cir. 1994) ...................................................................................................5

*Goldberger v. Integrated Res., Inc.*,
  209 F.3d 43 (2d Cir. 2000) ..............................................................................................3, 8

*In re Initial Pub. Offering Sec. Litig.*,
  728 F. Supp. 2d 289 (S.D.N.Y. 2010)...........................................................................2, 13

*Knisley v. Network Assocs., Inc.*,
   312 F.3d 1123 (9th Cir. 2002) ............................................................................................... 5, 6

*Maley v. Del Global Techs. Corp.*,
   186 F. Supp. 2d 358 (S.D.N.Y. 2002) ....................................................................................10

*In re Mercury Interactive Corp. Sec. Litig.*,
   618 F.3d 988 (9th Cir. 2010) .....................................................................................................8

*Paul, Johnson, Alston & Hunt v. Graulty*,
   886 F.2d 268 (9th Cir. 1989) ............................................................................................. 9, 11

*Perdue v. Kenny A. ex rel Winn.*,
   130 S. Ct. 1662 (2010) ...................................................................................................... 3, 10

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) ........................................................................................... 9, 11

*In re Priceline.com, Inc. Sec. Litig.*,
   No. 3:00-CV-1884, 2007 WL 2115592 (D. Conn. July 20, 2007) ...........................................10

*In re Prudential Sec. Inc. Ltd. P'ship Litig.*,
   985 F.Supp. 410 (S.D.N.Y. 1997) ............................................................................................4

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) ............................................................................................. 4, 5, 9

*Rodriguez v. West Publ'g Corp*, no. 05-3222, 2007 WL 2827379 (C.D. Cal. Sept. 10, 2007), *aff'd
   in part and rev'd in part, Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) .........2

*San Francisco NAACP v. San Francisco Unified Sch. Dist.*,
   59 F. Supp. 2d 1021 (N.D. Cal. 1999) .......................................................................................7

*State of New York by Vacco v. Reebok Int'l, Ltd.*,
   96 F.3d 44 (2d Cir. 1996) ..........................................................................................................6

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .....................................................................................................3

*Sylvester v. CIGNA Corp.*,
   369 F. Supp. 2d 34 (D. Me. 2005) ..........................................................................................12

*Town of New Hartford v. Connecticut Res. Recovery Auth.*,
   970 A.2d 583 (Conn. 2009) ................................................................................................. 5, 6

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ........................................................................................... 9, 11

*In re Wal-Mart Wage & Hour Emp. Practices Litig.*,
   MDL No. 1735, 2010 WL 786513 (D. Nev. Mar. 8, 2010) .....................................................12

*In re WorldCom, Inc. Sec. Litig.*,
   388 F. Supp. 2d 319 (S.D.N.Y. 2005) .......................................................................................6

*Yeagley v. Wells Fargo & Co.*,
   365 F. App'x 886 (9th Cir. 2010) ............................................................................................12

1

2

**DOCKETED CASES**

3   *In re Broadcom Corp. Class Action Litig.*,
        No. CV-06-5036-R (CWx) (C.D. Cal. 2010) ............................................................2

4

5   *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
        Case No. 4:01-cv-03624 (S.D. Tex. 2008) ............................................................2

6   *In re Herley Indus., Inc. Sec. Litig.*,
        Case No. 06-CV-2596 (JRS) (E.D. Pa. 2010) ......................................................2

7

8   *In re Initial Public Offering Sec. Litig.*,
        Case No. 21 MC 92 (S.D.N.Y. 2009) ....................................................................2

9   *In re Lawnmower Engine Horsepower Mktg. & Sales Practice Litig.*,|
        No. 08-MD-01999 (E.D. Wis. 2010) ....................................................................2

10

11   *In re MoneyGram Int'l, Inc. Sec. Litig.*,
        No. 08-CV-883 (D. Minn. 2010) ..........................................................................2

12   *The Authors Guild, Inc. v. Google, Inc.*,
        No. 05 CV 8136 (S.D.N.Y. 2010) ........................................................................2

13

14   *In re Vitamins Antitrust Litig.*,
        MDL No. 1285, (D.D.C. 2010) ............................................................................2

15   **STATUTES & RULES**

16   Fed. R. App. P. 7 ................................................................................................12

17   Fed. R. Civ. P. 23(e)(5) ......................................................................................7

18   Title 42 U.S.C. §1988 ........................................................................................10

19   **OTHER AUTHORITIES**

20   4 Newberg on Class Actions, §13:69 (4th ed. 2002) ........................................7

21   *Third Circuit Task Force Report*,
        208 F.R.D. 340 (Jan. 15, 2002) ..................................................................... 4, 9

22

23

24

25

26

27

28

I.       PRELIMINARY STATEMENT

Labaton Sucharow LLP ("Labaton Sucharow") and Glancy Binkow & Goldberg LLP ("Glancy Binkow"), as Lead Counsel to Lead Plaintiffs the Mercury Pension Fund Group (consisting of The Steamship Trade Association/International Longshoreman's Association Pension Fund, the City of Sterling Heights General Employees Retirement System, the City of Dearborn Heights Police and Fire Retirement System, and the Charter Township of Clinton Police and Fire Pension System), and the Class,[1] respectfully submit this Reply in Support of Lead Counsels' Renewed Application for Attorneys' Fees (the "Renewed Application," D.E. Nos. 396-398), and to respond to the two objections received since the filing of the Renewed Application.

Despite going through two extensive notices programs, including mailing more than 282,000 copies of the Notice and the Revised Notice to potential Class Members (*see* D.E. No. 399-6, Declaration of Peter M. Craig Regarding the Mailing of the Notice of Fairness Hearing ("Craig Declaration")), there have been only two objections to Lead Counsels' renewed request for attorneys' fees:  from Darrell Palmer on behalf of "non-class members," Marshall J. Orloff and Ann S. Orloff (the "Orloffs"), and Daniel Delluomo (collectively, the "Objectors").  Significantly, the Objectors have filed no claims in this case and therefore are completely unaffected by the amount of legal fees awarded.  (To date, they also have not provided any proof that they purchased Mercury stock during the Class Period).  In short, they have no standing.  Moreover, neither of the Objectors raised an objection to the 25% legal fee sought and awarded by this Court to Lead Counsel three years ago.  Yet, they strangely find fault with the current 22% fee request. Significantly, neither the New York State Teachers Retirement System ("NYSTRS"), which objected to Lead Counsels' original application for attorneys' fees and appealed to the Ninth Circuit, nor Pennsylvania State Teachers Retirement System ("Pennsylvania Teachers"), which objected but did not appeal, has objected to the current fee request.  To the contrary, both of these public pension funds affirmatively support Lead Counsels' renewed attorneys' fee request as fair

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as set forth in the Notice of Pendency and Proposed Settlement of Class Action, filed with the Court on May 16, 2008.  D.E. No. 356, Ex. A-1.

1    and reasonable.  *See* D.E. No. 398 at p. 6.  Indeed, no public pension fund or other institutional

2    investor has objected to the renewed fee request.

3         The first objection, lodged by professional objector, attorney Darrell Palmer,[2] purportedly

4    on behalf of the Orloffs, clearly states that the Orloffs are "*Non-Class Members.*"[3]  Further, the

5    objection describes the Orloffs as "Custodian for ALLIANCEBERNSTEIN US FOCS BLND,

6    MARSHALL J. ORLOFF TTEE and ANN S. ORLOFF TTEE OFI S&P 500 ENHANCED

7    CORE and ORLOFF FAM TR UAD 12/31/01 MARSHALL J. ORLOFF & ANN S ORLOFF

8    TTEES PENN SMALL CAP CORE," yet, there is no evidence that the Orloffs are custodians for

9    Alliance Bernstein, a major money manager.  D.E. No. 401 at p. 2.  Neither of the Orloffs filed a

10   proof of claim with the Claims Administrator.  *See* Bernstein Reply Decl. Ex. 11 at ¶ 4 (Affidavit of

11   Peter M. Craig Regarding the Claim Status of Objectors) ("Craig Aff.").

12   _____

13        [2] These types of "professional objectors undermine the administration of justice by disrupting
     settlement in the hopes of extorting a greater share of the settlement for themselves and their
14   clients."  *See In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010).  Mr.
     Palmer has filed objections in at least nine other class actions in recent years, including at least one
15   action in which he refused to post a bond on appeal despite a court order requiring him to do so.
     *See, e.g., In re Broadcom Corp. Class Action Litig.*, No. CV-06-5036-R (CWx) (C.D. Cal. 2010) (Mr.
16   Palmer appealed the dismissal of his client's objection despite the judge ruling that his client had
     no standing, and refused to post a bond upon filing an appeal in accordance with the court's
17   order); *Rodriguez v. West Publ'g Corp.*, No. 05-CV-3222 R (MCx), 2007 WL 2827379 (C.D. Cal. Sept.
     10, 2007) (objections overruled, court found objectors added nothing to settlement), *aff'd in part and
18   rev'd in part, Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009); *In re Dell Sec. Litig.*, No. A-
     06-CA-726-SS, 2010 WL 2371834 (W.D. Tex. June 11, 2010) (Mr. Palmer found in violation of the
19   local rules for filing without being admitted by the court); *In re Lawnmower Engine Horsepower Mktg.
     & Sales Practice Litig.*, No. 08-MD-01999 (E.D. Wis. 2010) (court overruled objections and required
20   $80,000 bond for appeal); *In re MoneyGram Int'l, Inc. Sec. Litig.*, No. 08-CV-883 (D. Minn. 2010); *In
     re Initial Public Offering Sec. Litig.*, Case No. 21 MC 92 (SAS) (S.D.N.Y. 2009) (court noted Palmer
21   was professional objector and objection overruled); *In re Enron Corp. Sec., Derivative & "ERISA"
     Litig.*, Case No. 4:01-cv-03624 (S.D. Tex. 2008) (stating that Palmer's objection "made conclusory
22   complaints," "lack[ed] merit," was not "supported by evidence," and refused to address it); *The
     Authors Guild, Inc. v. Google, Inc.*, No. 05 CV 8136 (S.D.N.Y. 2010) (case pending); *In re Vitamins
23   Antitrust Litig.*, MDL No. 1285, No. 09-2112 (TFH) (D.D.C. 2010) (case pending); *In re Herley
     Indus., Inc. Sec. Litig.*, Case No. 06-CV-2596 (JRS) (E.D. Pa. 2010) (overruling objection in its
24   entirety and requiring appeal bond).  *See* Declaration of Joel H. Bernstein in Support of Lead
     Counsels' Reply in Support of Renewed Application for Award of Attorneys' Fees ("Bernstein
25   Reply Decl."), Exs. 1-10 (Palmer Objections).

26        [3] During a telephonic meet and confer, counsel for the Orloffs stated that they would
     provide documentation showing that the Orloffs were Class Members by January 26. They have
27   not done so and have not explained why they have failed to provide this information.

28

Notwithstanding the fact that Mr. Palmer's objection, on behalf of the Orloffs, should be dismissed for lack of standing, the objection presents no valid arguments. Mr. Palmer incorrectly states that this is a "claims-made" settlement (*see* D.E. No. 401 at p. 3), and therefore he incorrectly argues that the Court cannot determine the benefit to the Class of the Settlement absent knowing how much of the Settlement Fund has been claimed. However, this is *not* a claims-made Settlement—Defendants will not get back a single dollar paid to the Settlement Fund, as it will be fully distributed *pro rata* amongst valid claimants.

Mr. Palmer further argues against the long-standing precedent in the Ninth Circuit for a 25% benchmark fee in common-fund cases (*see* D.E. No. 401 at p. 5), by reference to a clearly inapplicable Supreme Court case involving attorneys' fees under a federal fee shifting statute (*Perdue v. Kenny A. ex rel Winn*, 130 S. Ct. 1662 (2010)). The fairness of attorneys' fee awards in common-fund cases are subject to an entirely different line of jurisprudence than awards made under federal fee shifting statutes.[4] As discussed in more detail below, even if the Court sets aside the Orloffs' lack of standing, neither of Mr. Palmer's arguments has any merit, and his objection on behalf of the Orloffs should be overruled.

The second objection is by Daniel Delluomo, an attorney from Oklahoma who claims to be a Class Member and is representing himself. Like the Orloffs, Mr. Delluomo has not filed a proof of claim with the Claims Administrator, nor has he presented any evidence to date to support his claim that he is a Class Member. Thus, he also has no standing to object to the award of attorneys' fees. In substance, Mr. Delluomo argues that the Court should conduct a detailed,

---

[4] *See Staton v. Boeing Co.*, 327 F.3d 938, 966-67 (9th Cir. 2003) ("[T]he common fund doctrine ensures that each member of the winning party contributes proportionately to the payment of attorneys' fees. *In contrast to fee-shifting statutes,* which enable a prevailing party to recover attorneys' fees from the vanquished party, the common fund doctrine permits the court to award attorneys' fees from monetary payments that the prevailing party recovered in the lawsuit. Put another way, in common fund cases, a variant of the usual rule applies and the winning party pays his or her own attorneys' fees; in fee-shifting cases, the usual rule is rejected and the losing party covers the bill.(citation omitted). []*The procedures used to determine the amount of reasonable attorneys' fees differ concomitantly in cases involving a common fund from those in which attorneys' fees are sought under a fee-shifting statute.* As in a statutory fee-shifting case, a district court in a common fund case can apply the lodestar method to determine the amount of attorneys' fees. *In common fund cases, however, the court can apply a risk multiplier when using the lodestar approach.*") (emphasis added) (citation omitted).

line-item review of Lead Counsels' hours because he believes the time entry was not specific enough in Lead Counsels' Declaration in support of their Renewed Application.  D.E. No. 399 ("Bernstein Decl.").  What Mr. Delluomo ignores is that line-item reviews are highly disfavored by courts as a waste of judicial resources.  *See, e.g. Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 48-49 (2d Cir. 2000); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306 (3d Cir. 2005); *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-04149 MMM (SHx), 2008 WL 8150856, at *9 fn. 35 (C.D. Cal. July 21, 2008); *Third Circuit Task Force Report*, 208 F.R.D. 340, 357 (Jan. 15, 2002).

Moreover, as a cross check on the percentage of the benefit approach, Lead Counsel has already provided sufficient detail regarding the time spent in this litigation.

Furthermore, NYSTRS, a major public pension fund with a reputation for challenging securities class action attorneys' fees that it believes are too high, has had ongoing litigation and negotiations with Lead Counsel over a three-year period leading to a reduction of legal fees from 25% to the current request of 22%, a difference of $3,525,000.  Unlike the Objectors, who did not submit any claim in this case and therefore have nothing at stake, NYSTRS submitted a claim with a recognized loss of $615,484 (*see* Bernstein Reply Decl. Ex. 11 (Craig Aff. at ¶ 5)) and therefore has a significant interest in maximizing proceeds to Class Members and minimizing legal fees. NYSTRS' support of the requested 22% fee speaks volumes about its fairness and reasonableness.

Thus, Lead Plaintiffs and Lead Counsel respectfully request that the Court overrule these objections to Lead Counsels' Renewed Application for attorneys' fees.  Lead Counsel further requests that the Court require Objectors to post a bond of at least $120,000[5] should they decide to file appeals of the Court's ruling in this matter, as an appeal will unnecessarily cause the claims administration process to expend such sums.

---

[5] *See* Section II.C, *infra*, for a more detailed explanation of the derivation of this amount, based on monthly expenses and costs that the Class will incur due to the delay caused by an appeal.

## II.   ARGUMENT

### a.   The Reaction of the Settlement Class Thoroughly Supports the Approval of Lead Counsels' Renewed Application for Attorneys' Fees

In "determining the reasonableness of a requested fee, numerous courts have recognized that 'the lack of objections from members of the class is one of the most important reasons'," considered in approving a fee request.  *In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 985 F.Supp. 410, 416 (S.D.N.Y. 1997); *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H (CAB), 2009 WL 3698393, at *5 (S.D. Cal. Nov. 4, 2009).  Notably, not a single public pension fund or large institutional investor has filed an objection to Lead Counsels' Renewed Application, and both NYSTRS and Pennsylvania Teachers, which objected to Lead Counsels' original application for 25% attorneys' fees, have stated that they support Lead Counsels' renewed attorneys' fee request as fair and reasonable.  *See* Bernstein Reply Decl. Ex. 12 (Declaration of Ryan S. Stippich) ("Stippich Decl."); *see also* D.E. No. 398 at p. 6.[6]

This overwhelmingly favorable response from Class Members is a powerful indication that Lead Counsels' Renewed Application for attorneys' fees is eminently reasonable and should be approved by the Court.

### b.   The Objections to the Renewed Application for Attorneys' Fees Are Without Merit and Should Be Overruled

#### i.   The Objectors Lack Standing to Object Because They Have No Stake in the Settlement Fund

To have standing in the federal courts, a party must "allege some concrete injury in fact," and "it must be likely, not merely speculative, that a favorable decision will provide redress." *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002); *see also Allen v. Wright*, 468 U.S. 737, 751 (1984) (a party "must allege personal injury" that is "distinct and palpable" and not "abstract or conjectural or hypothetical").

---

[6] With the mailing of more than 282,000 Notices, only two objections to Lead Counsels' Renewed Application for attorneys' fees have been received.  Such a result is extremely rare.  *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (two objectors out of 300,000 class members; "such a low level of objection is a 'rare phenomenon'").

Where someone is filing an objection to an award of attorneys' fees from a common fund, "[s]imply being a member of a class is not enough to establish standing. **One must be an aggrieved class member**." *In re First Capital Holdings Corp. Fin. Prod. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) (emphasis added) (rejecting objection of class member in a securities suit that realized gains on stock purchases, therefore had no possible recovery from the common fund). *See also Town of New Hartford v. Connecticut Res. Recovery Auth.*, 970 A.2d 583, 590 (Conn. 2009) (rejecting defendants' objections, holding that "standing to object to an award of attorney's fees from a common fund is limited to those who have helped create the common fund and those who will benefit from it").

Class members who have not filed timely proofs of claim to the settlement fund have no standing to object to an award of attorneys' fees from the common fund, since they have no stake in the proceeds of the fund, and cannot possibly be "aggrieved" by anything related to it. *See Knisley,* 312 F.3d at 1128 ("lack of standing should be apparent" for an objector who failed to submit proof of claim); *Feder v. Elec. Data Sys. Corp.* 248 F. App'x 579, 581 (5th Cir. 2007) (only claimants "have an interest in the settlement funds" because "[a]nyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); *Braud v. Transport Serv. Co. of Ill.*, No. 05-1898, 2010 WL 3283398, at *5-6 (E.D. La Aug. 17, 2010) (putative class members "simply have no standing to object" where no timely proof of claim was filed). Because the amount of fees awarded to Lead Counsel will have no effect upon the Objectors, they have no standing to object.[7]  *See In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 340 (S.D.N.Y. 2005) (citing *State of New York by Vacco v. Reebok Int'l, Ltd.*, 96 F.3d 44, 47 (2d Cir. 1996)) (finding class member who "did not file a proof of claim [] therefore does not have standing to bring her objections" since the court's ruling would not affect her).

In the instant case, none of the Objectors has filed a proof of claim with the Claims Administrator.  The deadline to submit a proof of claim to the Settlement Fund was November 29,

---

[7]  *See* Order Preliminarily Approving Settlement (D.E. No. 357) (*see* ¶ 8, "Any Class Member who does not submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund").

2008.  **More than two years have passed since this deadline without a word or inquiry from the Objectors**.  *See* Bernstein Reply Decl. Ex 11 (Craig Aff.).  Therefore, none of the Objectors has a stake in the outcome of the award of attorneys' fees.  As discussed above, "the group[s] with the greatest interest in preventing an unreasonable award of attorney's fees appears to have been completely satisfied that the amount sought in the present case was evenhanded and equitable," and have not filed objections. *Town of New Hartford*, 970 A.2d at 592 (holding there was no point "to consider the objections of a party whose interest was not affected at all by the decision to award attorney's fees" where claimants to the settlement fund did not object).  Thus, the Court should overrule the objections because the Objectors have no standing to make them.

### ii.       The Objectors May Lack Standing to Object as Non-Class Members

It is well-settled that only class members can make objections on behalf of a class.  Fed. R. Civ. P. 23(e)(5) ("any *class member* may object" to a settlement of a class action) (emphasis added). A non-class member does not have an affected interest in the class plaintiffs' claims so as to be able to assert objections on their behalf.  *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 244 (2d Cir. 2007); *San Francisco NAACP v. San Francisco Unified Sch. Dist.*, 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) ("non class members have no standing to object"); 4 NEWBERG ON CLASS ACTIONS, §13:69 (4th ed. 2002).

Mr. Palmer represents, unequivocally, that the Orloffs are "Non-Class Members."  D.E. No. 401 at p. 3.  While Mr. Delluomo claims to be a Class Member, neither he nor the Orloffs have provided any evidence of class membership.  It is a claimant's burden to demonstrate that they have standing.  *Braud*, 2010 WL 3283398, at *2, (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)); *Feder*, 248 F. App'x at 581 (class members bear the burden to show standing to object).  The Notice sent to class members also stated that objectors are required to present proof that they purchased Mercury stock during the Class Period.  *See* Notice of Pendency and Proposed Settlement of Class Action, mailed to potential Class Members and posted to on a website dedicated to the Settlement (www.MercuryInteractiveSecuritiesSettlement.com) on July 2, 2008 (*see also* D.E. 365-2, Ex. A).  Without proof of class membership, the Objectors have no cognizable interest in the instant litigation, and no standing to bring objections before the Court.

### iii. Lead Counsels' Fee Request Is Reasonable in Light of the Circumstances of the Litigation

In the interest of brevity, Lead Counsel incorporates by reference their Motions for Final Approval of Class Action Settlement and Approval of Attorneys' Fees and Expenses (D.E. Nos. 359-66) and the Court's prior Orders approving both Motions (D.E. Nos. 373, 375).  For the same reasons Lead Counsel set forth in their prior Motions arguing an award of 25% of the common fund was appropriate, and the reasons why the Court awarded this fee (including stating if not for the benchmark "a higher award might be justified given the very beneficial outcome", *see In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 991 (9th Cir. 2010)), 22% is obviously a fair and reasonable award for the efforts put forth by Lead Counsel.[8]

Although Mr. Delluomo recognizes the Ninth Circuit's 25% benchmark for attorneys' fees in common-fund cases, he nonetheless argues that the requested attorneys' fees of 22% of the Settlement Fund are excessive, while Mr. Palmer argues against the application of the 25% benchmark in its entirety.  D.E. 402 at p. 2; D.E. 401 at pp. 5-7.  Mr. Delluomo further argues that Lead Counsels' hours are not reported in sufficient detail, suggesting that the Court should conduct a line-item review of hours included in the submission of time proffered in Lead Counsels' declarations, in order to ensure that "duplicative" or "wasteful efforts" were not submitted as a part of the lodestar.  *See* D.E. No. 402 at pp. 2-3.[9]

Because this litigation was prosecuted on a wholly contingent basis, Lead Counsel had the incentive to control costs and minimize the duplication of work.  As noted above, NYSTRS agrees that Lead Counsels' renewed attorneys' fee request is fair and reasonable in light of all the facts and circumstances of the litigation.  *See* D.E. No. 398 at p. 6; Bernstein Reply Decl. Ex. 12 (Stippich Decl. at ¶¶ 10-11).  Simply put, the hours submitted by Lead Counsel reflect their intensive efforts

---

[8] Although NYSTRS appealed the application of a 25% benchmark in the Ninth Circuit, the Court did not address the merits of the fee motion or question the amount of fees awarded to Lead Counsel. *See id.* at 995 and fn. 3.

[9] Mr. Palmer makes a similar sort of argument, that the "nature of the task[s]" performed by Lead Counsel needs to be examined to "take special care to be sure that duplicated tasks are examined." D.E. 401 at p. 7.

to achieve a highly favorable resolution for the Class, and to develop an innovative prosecution in the absence of any strong precedent for liability in stock-options backdating cases.

In the Bernstein Declaration, Lead Counsel explained in considerable depth the investigation, motion practice, legal research, mediation, and confirmatory discovery conducted in this case. *See* ¶¶ 9-31. Given the detailed account proffered by Lead Counsel of their efforts prosecuting this litigation, conducting a line-item review of the hours submitted, as the Objectors request the Court to do, would be a waste of judicial resources. *See, e.g. Goldberger*, 209 F.3d at 48-49 (calling a line-item review "an inevitable waste of judicial resources"); *In re Rite Aid*, 396 F.3d at 306-07 ("the lodestar cross-check calculation need entail neither mathematical precision nor bean-counting" and "the district courts may rely on summaries submitted by attorneys and need not review actual billing records"); *Fernandez*, 2008 WL 8150856, at *9 fn. 35 ("All that should be required is sworn declarations from the attorney(s) in charge of billing records for the case attesting to (1) the experience and qualifications of the attorneys who worked on the case; (2) those attorneys' customary billing rates during the pendency of the case; and (3) the hours reasonably expended (reduced if necessary in the exercise of professional billing judgment) by those attorneys in prosecuting the case"); *Third Circuit Task Force Report*, 208 F.R.D. at 357 ("[A] court using the lodestar method must expend valuable judicial time and resources to undertake a detailed review of expense sheets and billing records").

Thus, Lead Plaintiffs and Lead Counsel request that this portion of the objections be overruled, and the fee request be approved in its entirety.

### iv. Contrary to Mr. Palmer's Objection, the Ninth Circuit Has a 25% Benchmark in Awarding Attorneys' Fees

Mr. Palmer is correct in asserting that the Court has a fiduciary role to the Class when analyzing applications for attorneys' fees, and that the fees awarded must be reasonable. However, Mr. Palmer's objection to applying the 25% benchmark in the Ninth Circuit ignores the controlling case law on "reasonable" attorneys' fees and the substantial record presented by Lead Counsel in support of their renewed fee request. Instead, he erroneously argues that the Ninth Circuit does not have a 25% benchmark for awarding attorneys' fees in common-fund litigation. *See, e.g.*

1   *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (affirming 28% fee); *Powers v. Eichen*,

2   229 F.3d 1249, 1256-57 (9th Cir. 2000) (departures from the 25% benchmark must be explained in

3   the record); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989) ("the district

4   court should take note that 25% has been a proper benchmark figure").[10]

5          In support of his argument against a benchmark percentage award or a reasonable

6   multiplier, Mr. Palmer cites to *Perdue,* 130 S. Ct. at 1662.  However, *Perdue* is entirely inapposite, as

7   it originates under Title 42 U.S.C. §1988, a federal civil rights statute with a fee-shifting provision.

8   Indeed, the *first sentence* of the *Perdue* opinion stresses that the opinion considers "the calculation of

9   an attorney's fee, under the federal fee-shifting statutes," and the entire case is analyzed under that

10  line of jurisprudence.  *Id.* at 1669, 1672.  Under the federal fee-shifting statutes, there are no

11  attorneys' fees awarded out of a common-fund; rather, as an exception to the almost universal rule

12  in our system that parties bear their own costs and fees—the "American Rule"—the plaintiff's

13  attorneys' fee is actually "shifted" to the defendant to pay in addition to any settlement negotiated.

14  The reason that multipliers of counsels' lodestar are "rare" under the fee-shifting statutes is that

15  the "defendants contemplating the possibility of settlement will have no way to estimate the

16  likelihood of having to pay a potentially huge enhancement," and usually these judgments are paid

17  "in effect by state and local taxpayers," as the defendants in cases arising under §1988 are

18  government entities.  *Id.* at 1666-67.  The reasoning in fee-shifting cases for not applying a

19  multiplier or a percentage award is simply inapplicable in the instant litigation.  *See also* n.4, *supra*.

20         In contrast, attorneys whose efforts result in the creation of a "common fund" are entitled

21  to be compensated for their services from the fund. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478

22  (1980).  The purpose of the common fund doctrine is to fairly and adequately compensate class

23  counsel for services rendered and to prevent the unjust enrichment of persons who benefit from a

24  lawsuit without shouldering its costs. *See Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 369

25  (S.D.N.Y. 2002).  Thus, courts routinely award attorneys' fees as a percentage of the recovery in

26

27  _____

28         [10] The 25% benchmark in the Ninth Circuit is acknowledged by Mr. Delluomo.  *See* D.E. No.
    402 at p. 2.

1   common-fund litigation, because it encourages counsel to obtain the maximum recovery for the

2   class at the earliest possible stage of the litigation. *See, e.g., In re Activision Sec. Litig.*, 723 F.Supp.

3   1373, 1374-77 (N.D. Cal. 1989) (collecting authority and describing the benefits of the percentage

4   method); *In re Priceline.com, Inc. Sec. Litig.*, No. 3:00-CV-1884, 2007 WL 2115592, at *5 (D. Conn.

5   July 20, 2007) (percentage awards encourage enforcement of securities laws and support

6   "attorneys' decisions to take these types of cases on a contingent fee basis"). The Ninth Circuit

7   has followed this line of jurisprudence for decades, and has instituted a 25% benchmark in

8   awarding attorneys' fees in common-fund litigation. *See Paul,* 886 F.2d at 268, 273.

9       The fee application in this litigation is below the 25% benchmark for reasonable fees

10  established by the Ninth Circuit, and well within the 1.0 to 4.0 range of approved multipliers. The

11  lodestar multiplier is 3.08,[11] based on a 22% fee award, not including any of the work performed by

12  Lead Counsel since the Court approved the Settlement on September 25, 2008. *See, e.g. Vizcaino*,

13  290 F.3d at 1051 (affirming 28% fee with 3.65 multiplier and noting frequently awarded range of

14  lodestar multiples from 1.0 to 4.0); *Powers*, 229 F.3d at 1256-57; *Paul*, 886 F.2d at 273.[12] The Ninth

15  Circuit has chosen to apply this benchmark percentage award in common-fund cases because it

16  views 25% as presumptively fair and reasonable in the vast majority of cases. This litigation is no

17  different, and it falls squarely within the range of multipliers approved throughout the Ninth

18  Circuit.

19      Given that Mr. Palmer's insistence that the Ninth Circuit does not have a 25% benchmark

20  is plainly false, this portion of his objection should be overruled.

21          **v.    The Court Has Sufficient Information to Determine the Benefit to
            Class Members, Since the Settlement Fund Is to Be Distributed**
22              ***Pro Rata***

23      The Court has already finally approved the Settlement as fair and reasonable to the Class.

24  *See* D.E. Nos. 371, 375 (Sept. 25, 2008). The substantial Settlement negotiated by Lead Counsel,

25

26      [11] The multiplier is based on a lodestar of $8,396,593.20, as set forth in ¶ 77 of the Declaration
    of Joel Bernstein in Support of Final Approval and Award of Attorneys' Fees and Reimbursement
27  of Expenses (D.E. 365).

28      [12] *See also* Lead Counsels' Motion for Renewed Request for Award of Attorneys' Fees, and the
    Memorandum of Law and Declaration of Joel H. Bernstein in Support thereof. D.E. Nos. 397-99.

$117.5 million, was the largest recovery in a stock-options backdating case at the time, and remains one of the largest recoveries to date.  Aside from the attorneys' fees and the fees related to claims administration, *every dollar* of the Settlement Fund will be distributed *pro rata* amongst Class Members who submitted valid proofs of claim.  The Court can thus readily identify the extent of the sizable benefit Lead Counsel achieved on behalf the Class.

Mr. Palmer argues that the Court cannot award a percentage of the Settlement in attorneys' fees because the Settlement's actual value to the Class is unclear.  D.E. No. 401 at p. 5.  However, each of the cases cited in Mr. Palmer's objection in support of this proposition deal with "claims-made" type settlements, where a portion of the judgment paid by the defendant either was returned to the defendant, or had the potential to be returned depending on the number of valid claims submitted to the settlement fund.[13]  Despite their inapplicability to the instant litigation, generally, these cases stand for the proposition that the attorneys' fees should reflect the "realized value of the settlement to the class."  *Compact Disc.*, 370 F. Supp. 2d at 321.

It is undisputed that in this pure cash Settlement, the Class will realize the full value of the Settlement amount.  There are no coupons, vouchers, or other types of potential or illusory recovery for the Settlement Class Members. Furthermore, none of the Settlement Fund will revert to Defendants under any possible scenario. Lead Counsel achieved a solid, ground-breaking Settlement for Class Members of $117.5 million in cash.  Therefore, this portion of Mr. Palmer's objection is baseless and should be overruled in its entirety.

**c.    The Objectors Should Be Required to Post a Bond if an Appeal Is Taken**

Given that the objections are baseless and the Objectors lack standing in the first instance, if the objections are rejected by the Court, Lead Counsel requests that the Court require the

---

[13] *See, e.g., Sylvester v. CIGNA Corp.*, 369 F. Supp. 2d 34, 40 (D. Me. 2005) (the settlement had a reverter clause, where any portion of the fund not claimed within 61 days was returned to the defendant); *Compact Disc. Minimum Price Advertised Price Antitrust, Litig.* ("*Compact Disc*") 370 F. Supp. 2d 320 (D. Me. 2005) (only 2% of vouchers for reduced price CD's were used, the remainder of that settlement "value" was kept by defendants); *Yeagley v. Wells Fargo & Co.*, 365 F. App'x 886 (9th Cir. 2010) (recovery was in the form of a free service; ruling cited by Palmer was reversed and remanded for attorneys' fees to be awarded in accordance with federal statute for cases with no monetary relief).

1    Objectors to post an appeal bond, pursuant to Fed. R. App. P. 7, of at least $120,000, should they

2    decide to file appeals of the Court's ruling in this matter, as an appeal will unnecessarily cause the

3    claims administration process to expend such sums.  *See, e.g., In re Wal-Mart Wage & Hour Emp.*

4    *Practices Litig.*, MDL No. 1735, 2010 WL 786513, at *2 (D. Nev. Mar. 8, 2010) (requiring several

5    objectors represented by counsel who are "professional objectors" to post bonds for pursuing

6    objections that "are not supported by law or the facts and are indeed meritless"); *Broadcom Corp.*,

7    *supra*, (case within the Central District of California where Mr. Palmer was required to post an

8    appeal bond for a baseless objection); *In re Wal-Mart*, 2010 WL 786513, at *2 (requiring $500,000

9    bond); *Barnes v. FleetBoston*, No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072, at *8 (D. Mass. Aug.

10   22, 2006) (requiring $643,750 bond).[14]

11          As set forth in the Craig Affidavit (Bernstein Reply Decl. Ex. 11), any delay caused by these

12   objections, including an appeal of the Court's rejection of these objections, will cost the Class

13   between $3,000 and $5,000 per month in additional administrative costs.  Based on the length of

14   time extending between the notice of appeal and the Ninth Circuit's decision on NYSTRS

15   objections—22 months—that would mean added expenses of up to $110,000 due to delay.   In

16   addition to these costs the Class would incur additional costs associated with an appeal, including

17   printing, copying, and travel to oral argument of approximately $10,000.  Therefore, Lead Counsel

18   requests that if the Objectors choose to appeal any rejection by the Court of their objections, the

19   Court should require the Objectors to post a bond of at least $120,000.  *See* Proposed Order

20   Overruling Objections to Renewed Application for Award of Attorneys' Fees and Requiring

21   Appeal Bond, submitted herewith.[15]

22

23

24   ———————————————

25   [14] *See also In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, 2010 WL 1253741, at *3 (S.D.N.Y. Mar. 5, 2010) (requiring $50,000 bond); *Berry v. Deutsche Bank Trust Co. Am.*, 632 F. Supp. 2d 300, 308 (S.D.N.Y. 2009) (same); *Baker v. Urban Outfitters, Inc.*, No. 01 CV 5440, 2006 WL

26   3635392, at *2 (S.D.N.Y. Dec. 12, 2006) (same); *In re Initial Public Offering*, 728 F. Supp. 2d at 927 (requiring $25,000 bond).

27   [15] Because Mr. Palmer's objection is entirely devoid of merit, there is absolutely no reason for

28   the Court to award the requested "incentive fee" to the Orloffs.

1

III.     CONCLUSION

2

For all the foregoing reasons, Lead Plaintiffs and Lead Counsel respectfully submit that the

3

tremendously positive reaction of the Settlement Class to the Renewed Application for attorneys'

4

fees, after two rounds of notice to potential Class Members, supports approval of the application

5

for attorneys' fees in its entirety.  Lead Counsel also requests that the Court overrule the objections

6

to the attorneys' fee request, and require the Objectors to post a bond in the event an appeal is

7

taken.

8

Dated: January 28, 2011

9

10

**GLANCY BINKOW & GOLDBERG LLP**

11

12

/s/    Peter A. Binkow
Lionel Z. Glancy (#134180)

13

Peter A. Binkow (#173848)

14

1801 Avenue of the Stars
Suite 311

15

Los Angeles, California 90067
Tel: (310) 201-9150

16

Telecopier: (310) 201-9160

17

**LABATON SUCHAROW LLP**

18

Joel H. Bernstein (admitted *pro hac vice*)
Louis Gottlieb (admitted *pro hac vice*)

19

Michael H. Rogers (admitted *pro hac vice*)
140 Broadway

20

New York, New York 10005
Tel: (212) 907-0700

21

Telecopier: (212) 818-0477

22

*Co-Lead Counsel for Lead Plaintiff Mercury Pension
Fund Group and the Class*

23

**KERR & WAGSTAFFE LLP**

24

James M. Wagstaffe (#95535)
Daniel A. Zaheer (#237118)

25

100 Spear Street
Suite 1800

26

San Francisco, CA  94105-1528
Tel: (415) 371-8500

27

28

Telecopier: (415) 371-0500

*Co-Counsel for the*
*Mercury Pension Fund Group*

REPLY IN SUPPORT OF LEAD COUNSELS' RENEWED APPLICATION FOR AWARD OF ATTORNEYS' FEES
MASTER FILE NO. 5:05-CV-3395-JF (PVT)

15

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On January 28, 2011, I caused to be served the following documents:

1.     **REPLY IN SUPPORT OF LEAD COUNSELS' RENEWED APPLICATION FOR AWARD OF ATTORNEYS' FEES**

2.     **[PROPOSED] ORDER OVERRULING OBJECTIONS TO RENEWED APPLICATION FOR AWARD OF ATTORNEYS' FEES AND REQUIRING APPEAL BOND**

By posting these documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached Court's Service List, and on the non-registered parties:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 28, 2011, at Los Angeles, California.


*s/ Peter A. Binkow*
Peter A. Binkow

CERTIFICATE OF SERVICE

# Mailing Information for a Case 5:05-cv-03395-JF

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joel H. Bernstein**
  jbernstein@labaton.com,electroniccasefiling@labaton.com

- **Asim M. Bhansali**
  amb@kvn.com,efiling@kvn.com,gap@kvn.com,jbenson@kvn.com,pwm@kvn.com

- **Peter Arthur Binkow**
  info@glancylaw.com,pbinkow@glancylaw.com

- **Jayson E. Blake**
  jeb@millerlawpc.com,aad@millerlawpc.com

- **Norman J. Blears**
  norman.blears@hoganlovells.com,robert.buehler@hoganlovells.com,dmsalvi@hhlaw.com,michael.ewers
  yen.wong@hoganlovells.com,kris.elder@hoganlovells.com

- **Sara B. Brody**
  sbrody@sidley.com,cecilia.chan@sidley.com,tnewman@sidley.com

- **Howard S. Caro**
  howard.caro@hoganlovells.com,michael.ewers@hoganlovells.com,eva.vanbourg@hoganlovells.com,ky-
  yen.wong@hoganlovells.com

- **Michael Cecchini**
  mcecchini@gibsondunn.com,dnerney@gibsondunn.com

- **Cecilia Y. Chan**
  cecilia.chan@sidley.com,tscuffil@sidley.com,dgiusti@sidley.com

- **John D. Cline**
  cline@johndclinelaw.com

- **Erica L. Craven-Green**
  ecravengreen@gmail.com

- **Conor R. Crowley**
  ccrowley@glrslaw.com

- **Aaron H. Darsky**
  aarondarsky@msn.com

- **Jonathan DeGooyer**
  jdegooyer@morganlewis.com,lwalker@morganlewis.com

- **Donald Delaney**
  ddelaney@labaton.com

- **Alan I. Ellman**
  aellman@labaton.com,cchan@labaton.com,electroniccasefiling@labaton.com

- **Jeffrey S. Facter**
  jfacter@shearman.com,rcheatham@shearman.com

- **Scott A. Fink**
  sfink@gibsondunn.com,bhonniball@gibsondunn.com

- **Joseph Edward Floren**
  jfloren@morganlewis.com,rluke@morganlewis.com,mweiler@morganlewis.com

- **Michael M. Goldberg**
  info@glancylaw.com

- **Louis J Gottlieb**
  lgottlieb@glrslaw.com

- **Azadeh Gowharrizi**
  azadeh.gowharrizi@shearman.com

- **Alicia G. Huffman**
  alicia.huffman@shearman.com,rcheatham@shearman.com

- **Benedict Y Hur**
  bhur@kvn.com,gpeterson@kvn.com,efiling@kvn.com,djoos@kvn.com

- **Willem F. Jonckheer**
  wjonckheer@schubertlawfirm.com,jdang@schubertlawfirm.com

- **Nicole Acton Jones**
  nicole.jones@hellerehrman.com,harriette.louie@hellerehrman.com

- **Christopher J. Keller**
  ckeller@labaton.com,cchan@labaton.com,apellegrino@labaton.com,electroniccasefiling@labaton.com

- **Jan Nielsen Little**
  jnl@kvn.com,srg@kvn.com,efiling@kvn.com

- **K.C. Maxwell , Esq**
  kcm@kcmaxlaw.com

- **E. Powell Miller**
  epm@millerlawpc.com,asl@millerlawpc.com

- **Glenn E. Mintzer**
  gmintzer@lawpga.com

- **Joseph Darrell Palmer**
  darrell.palmer@cox.net,maria.carapia@palmerlegalteam.com

- **Lucy B. Ricca**
  lricca@orrick.com

- **Patrick David Robbins**
  probbins@shearman.com,rcheatham@shearman.com

- **Michael H. Rogers**
  mrogers@labaton.com,jsternberg@labaton.com,electroniccasefiling@labaton.com,cboria@labaton.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **John F. Schultz**
  john.schultz@morganlewis.com,jminio@morganlewis.com

- **Michael Adam Schwartz , Esq**
  mschwartz@wolfpopper.com

- **David R. Scott**
  drscott@scott-scott.com

- **Michael Todd Scott**
  tscott@orrick.com,elee@orrick.com

- **Benjamin Gross Shatz**
  bshatz@manatt.com

- **Arthur L. Shingler , III**
  ashingler@scott-scott.com,efile@scott-scott.com

- **Andrew T. Solomon**
  asolomon@sandw.com

- **Franklin B. Velie**
  fvelie@sandw.com

- **James Matthew Wagstaffe**
  wagstaffe@kerrwagstaffe.com,milla@kerrwagstaffe.com

- **Robin Eve Wechkin**
  robin.wechkin@hoganlovells.com,eva.vanbourg@hoganlovells.com,dina.lewis@hoganlovells.com

- **Carl Brandon Wisoff**
  bwisoff@fbm.com,mzappas@fbm.com,calendar@fbm.com

- **Daniel Amon Zaheer**
  zaheer@kerrwagstaffe.com,bthomas@kerrwagstaffe.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Daniel M. Delluomo
5617 N. Classen Blvd.
Oklahoma, OK 73118

Russel N. Jacobson
,

Lead Plaintiffs
,

Public Employees' Retirement System of Mississippi
c/o Schubert & Reed LLP,Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
```