**E-Filed 3/3/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE MERCURY INTERACTIVE CORP. SECURITIES LITIGATION. | Case Number 5:05-cv-03395-JF<br><br>ORDER[1] GRANTING RENEWED APPLICATION FOR ATTORNEYS' FEES<br><br>[re: document no. 396] |

On February 25, 2011, the Court heard Lead Counsel's renewed application for attorneys' fees. For the reasons discussed below, the application will be granted.

## I. BACKGROUND

In September 2008, over the objections of two institutional class members, New York State Teachers Retirement System ("NYSTRS") and Pennsylvania Public School Employees' Retirement System ("Pennsylvania Teachers"), this Court granted final approval of settlement in this action and awarded Lead Counsel for Plaintiffs expenses plus attorneys' fees in the amount of twenty-five percent of the $117.5 million settlement fund. NYSTRS appealed. On August 18,

---

[1] This disposition is not designated for publication in the official reports.

1  2010, the Ninth Circuit vacated the fees award based upon its conclusion that the class had not
2  been given adequate notice and opportunity to object to the fees motion.  The circuit court
3  remanded the matter to this Court for further proceedings consistent with its opinion.
4      On October 19, 2010, this Court issued an order providing for notice to class members of
5  a renewed motion for attorneys' fees, setting a briefing schedule for such motion, and setting a
6  hearing date of February 18, 2011.  In November 2010, Lead Counsel reached an agreement with
7  NYSTRS and Pennsylvania Teachers regarding the fee dispute.  On November 17, 2010, Lead
8  Counsel, NYSTRS, and Pennsylvania Teachers executed an agreement providing in relevant part
9  that:  Lead Counsel's renewed fees motion would seek attorneys' fees in an amount not greater
10 than twenty-two percent of the settlement fund; NYSTRS and Pennsylvania Teachers would not
11 object to the renewed fees motion; NYSTRS would support a motion for fees in the amount of
12 twenty-two percent of the settlement fund as being fair and reasonable; and Lead Counsel would
13 pay NYSTRS's counsel attorneys' fees of up to $50,000 out of class counsel's attorneys' fees.
14 On November 23, 2010, this Court issued an order approving a revised hearing notice to the class
15 that disclosed the NYSTRS fee award and updated the schedule.  The schedule provided that:
16 the renewed fees motion would be filed on or before December 14, 2010; any objections were
17 required to be postmarked not later than January 13, 2011; and a hearing would be conducted on
18 February 18, 2011.
19     On December 14, 2011, Lead Counsel filed a renewed motion for attorneys' fees, noticed
20 for hearing on February 18, 2011.  Two objections were filed, one by Daniel M. Delluomo of
21 Oklahoma City, Oklahoma, and one by "MARSHALL J. ORLOFF TTE and ANN S. ORLOFF
22 TTE OFI S&P 500 ENHANCED CORE and ORLOFF FAM TR UAD 12/13/01 MARSHALL J.
23 ORLOFF & ANN S. ORLOFF TTEES PENN SMALL CAP CORE."  Mr. Delluomo is
24 proceeding *pro se*; the Orloffs are represented by attorney Darrell Palmer.  Mr. Delluomo's
25 objection was filed on the January 13 deadline, and the Orloffs' objection contains a proof of
26 service indicating that it was placed in the U.S. mail on January 13.  Accordingly, both objections
27 appear to be timely.
28

On February 2, 2011, a Clerk's Notice issued from the Court resetting the hearing on the renewed motion for attorneys' fees from February 18, 2011 to February 25, 2011. During the week of the hearing, court staff communicated with Mr. Delluomo and with Mr. Palmer, informing them that the Court would permit telephonic appearances at the February 25, 2011 hearing. Both indicated that they would appear telephonically.

On the morning of the hearing, the Orloffs filed a notice of withdrawal of their objection. The Orloffs' counsel, Mr. Palmer, appeared telephonically at the hearing and confirmed that the Orloffs had withdrawn their objection. Mr. Delluomo did not appear at the hearing. Lead Counsel for Plaintiffs represented to the Court that Mr. Delluomo intended to withdraw his objection. Mr. Delluomo's formal withdrawal of objection was filed on February 28, 2011.

## II. DISCUSSION

"Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (2002). The benchmark award is twenty-five percent of the recovery obtained, "with 20-30% as the usual range." *Id*. Although the twenty-five percent benchmark rate is a starting point for analysis, it may be inappropriate in some cases. *Id*. at 1048. "Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Id*. Relevant circumstances include the results achieved for the class, the risk to class counsel, benefits to the class other than the cash settlement fund, market rates for contingency fee retainers, and the burdens assumed by class counsel during the representation. *Id*. at 1048-50. The lodestar method may be used as a cross-check of the percentage method. *Id*. at 1050.

Applying these standards, the Court concludes that the instant motion is well-taken. As an initial matter, Lead Counsel now seeks an award of twenty-two percent of the settlement fund, an amount significantly below the twenty-five percent benchmark originally sought. Moreover, Lead Counsel claim that at the time, the $117.5 million settlement fund was the largest ever obtained in an options backdating case. While no citation is provided for this statement, the Court has no reason to doubt Lead Counsel, who are experienced in this type of representation.

The Court's independent research confirms that $117.5 million is on the high side for settlement of a backdating case. Counsel took significant risk in litigating the action, as representation was solely on a contingency basis. No other individuals sought appointment as lead counsel in this case. Counsel have documented more than 17,000 hours spent on this case (not including 1,500 hours spent in connection with the appeal of the original fees award and subsequent proceedings); counsel had no assurance that they ever would be paid for any of these hours. A lodestar cross-check based upon the documentation submitted by Lead Counsel results in a multiplier of 3.08, which is within the acceptable range. *See Vizcaino*, 290 F.3d at 1051 (approving multiplier of 3.65).

    The Court finds it significant that Lead Counsel resolved the objections of the two institutional objectors, NYSTRS and Pennsylvania Teachers; and that the mailing of more than 282,000 class notices regarding the renewed fees motion resulted in only two new objections. While the Court was prepared to overrule both of those objections for lack of standing[2] and on the merits, the objections in fact have been withdrawn.

    At the hearing, Lead Counsel raised the issue of the Ninth Circuit's award of attorneys' fees to NYSTRS's appellate counsel in the amount of $171,490. The order of remand left it to this Court to determine whether that award would be paid by Lead Counsel or out of the settlement fund. Because the efforts of NYSTRS's counsel ultimately resulted in the adjustment of the claimed attorneys' fees from twenty-five percent to twenty-two percent, which adjustment increased the benefit to the class in the amount of $3,525,000, this Court concludes that it is appropriate that the fees in question be paid out of the settlement fund.

---

[2] Because neither Mr. Delluomo nor the Orloffs submitted a claim in this case, they lacked standing to object to the settlement. *See Knisley v. Network Assoc., Inc.*, 312 F.3d 1123, 1128 (9th Cir. 2002) ("lack of standing should be apparent" for an objector who failed to submit proof of claim); *Feder v. Elec. Data Sys. Corp.*, 248 F. Appx. 579, 580 (5th Cir. 2007) (only claimants "have an interest in the settlement funds" because "[a]nyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing").

# III. ORDER

For good cause shown, and without objection,

(1) Lead Counsel's renewed motion for an award of attorneys' fees in the amount of twenty-two percent of the settlement fund is GRANTED; and

(2) The Ninth Circuit's award of attorneys' fees to NYSTRS's appellate counsel in the amount of $171,490 shall be paid from the settlement fund.

DATED: 3/3/2011

_____
JEREMY FOGEL
United States District Judge