\*\*E-Filed 4/22/2011\*\*

JOEL H. BERNSTEIN (admitted *pro hac vice*)
LOUIS GOTTLIEB (admitted *pro hac vice*)
MICHAEL H. ROGERS (admitted *pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Telecopier:  (212) 818-0477

LIONEL Z. GLANCY #134180
PETER A. BINKOW #173848
GLANCY  BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California  90067
Telephone:  (310) 201-9150
Telecopier:  (310) 201-9160

*Co-Lead Counsel for Lead Plaintiff,*
*Mercury Pension Fund Group and the Class*

JAMES M. WAGSTAFFE #95535
DANIEL A. ZAHEER #237118
KERR & WAGSTAFFE LLP
100 Spear Street, Suite 1800
San Francisco, CA  94105-1528
Telephone:  (415) 371-8500
Telecopier:  (415) 371-0500

*Counsel for Lead Plaintiff,*
*Mercury Pension Fund Group and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re MERCURY INTERACTIVE CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No.  5:05-CV-3395-JF (PVT)<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] DISTRIBUTION ORDER FOR THE NET SETTLEMENT FUND<br><br>Date:   April 22, 2011<br>Time:  9:00 a.m.<br>Place:  Courtroom 3<br>Before: Honorable Jeremy Fogel |

[PROPOSED] DISTRIBUTION ORDER FOR THE NET SETTLEMENT FUND
5:05-CV-3395-JF (PVT)

**WHEREAS:**

A. As of October 31, 2007, Lead Plaintiff the Mercury Pension Fund Group (collectively referred to herein as "Lead Plaintiffs"), acting on behalf of themselves and the Class, entered into a Stipulation of Settlement (the "Settlement Agreement") with the Defendants in this action (the "Litigation").

B. By Final Judgment and Order of Dismissal with Prejudice entered September 25, 2008, the Court approved the Settlement of the Litigation in the amount of $117.5 million (the "Settlement Amount") and approved the proposed Plan of Allocation for the net settlement proceeds ("Net Settlement Fund").

C. Lead Plaintiffs, by unopposed motion filed on February 23, 2011, and on notice to counsel for the Defendants, moved this Court for an order approving the Court-appointed Claims Administrator's administrative determinations and directing distribution of the Net Settlement Fund.

D. The Court has duly considered Lead Plaintiffs' unopposed motion, the declarations with annexed exhibits, the memorandum of law submitted in support thereof, and all of the submissions and arguments presented.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. The administrative determinations of Rust Consulting, Inc. ("Rust"), the Court-appointed Claims Administrator, to accept the Proof of Claim and Release forms ("Proofs of Claim"), including the late but otherwise eligible Proofs of Claim, as set forth in Exhibits H and I to the Affidavit of Peter M. Craig Regarding (A) Processing of Claim Forms, and (B) Calculation of Authorized Claimants' Claims ("Craig Affidavit"), are hereby APPROVED.

3. Rejected or otherwise ineligible Proofs of Claim, as set forth in Exhibits E, F and G to the Craig Affidavit, are hereby REJECTED.

4. Any Proofs of Claim that are received on or after February 1, 2011 are hereby rejected as untimely and shall not be accepted for any reason whatsoever.

5. The Effective Date of the Settlement, defined at paragraph 5 of the Stipulation, has occurred pursuant to the terms of the Stipulation and the distribution of the Net Settlement Fund to Authorized Claimants is hereby AUTHORIZED and shall be conducted in accordance with the Plan of Allocation and the procedures established by the Claims Administrator and approved by Lead Counsel, as set forth in paragraphs 23 to 25 of the Craig Affidavit.

6. If cost-effective, not less than six (6) months after the distribution, a further distribution of the Net Settlement Fund shall be conducted pursuant to which any remaining funds from undeliverable, un-cashed, or returned checks or tax refunds, *etc.*, after payment to any Authorized Claimants who validly contest their distribution amount and support the amount they request and payment of any taxes, unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Fund, shall be distributed to Authorized Claimants who cashed their distribution checks and who would receive at least $10.00 in such an additional distribution based on their Claim, with additional redistributions thereafter in at least six-month intervals until Rust and Co-Lead Counsel determine that further redistribution is not cost-effective. Any remainder that is not cost-effective to distribute shall be donated to a private, non-sectarian, not-for-profit organization with internal revenue code §501(c)(3) tax deduction status designated by Lead Plaintiffs, but only after obtaining approval from the Court.

7. A payment in the amount of $984,967.42, as set forth in Exhibit J to the Craig Affidavit, from the Settlement Fund for the fees and expenses of the Claims Administrator, Rust, in payment for the balance of its fees and expenses in connection with the administration of the Settlement and its fees and expenses to be incurred in connection with the initial distribution of the Net Settlement Fund is hereby APPROVED.

8. Rust is authorized to destroy any paper and electronic copies of the Proofs of Claim and all related paper documentation three (3) years after distribution of the Net Settlement Fund.

1   9. The Court retains jurisdiction to consider any further applications concerning the
2   administration of the Settlement, and such other and further relief as this Court deems
3   appropriate.

5   Dated: __April 22__, 2011

7   _____
    Honorable Jeremy Fogel
8   UNITED STATES DISTRICT JUDGE